[No. 27189.   Department Two.   November 21, 1938.]

BUDD PARR et al., *Respondents*, v. THE CITY OF SEATTLE, *Appellant.*[1]

*A. C. Van Soelen* and *John A. Homer*, for appellant.

*Edward H. Chavelle* and *Cornelius C. Chavelle*, for respondents.

*Lenihan & Ivers, amicus curiae.*

SIMPSON, J.—Plaintiff brought this action under the provisions of our uniform declaratory judgment act to test the constitutionality of an ordinance of the city of Seattle relating to the licensing of certain so-called amusement devices.

In his complaint, plaintiff alleges, on behalf of himself and others similarly situated, that they are the owners of certain amusement devices which are so constructed as to automatically make a direct pay-off; that June 8, 1936, the city of Seattle enacted an ordinance relating to the use and operation of machine

[1]Reported in 84 P. (2d) 375.

amusement devices, which ordinance contained a provision to the following effect:

"Section 5. It shall be unlawful to operate or use, or permit to be operated or used, or to possess with intent that the same shall be operated or used, any amusement device or penny amusement device which may be used for gambling or for playing a game of chance, or any game in which the element of chance predominates over skill; or to keep, maintain or operate or permit to be kept, maintained or operated in any building or place any amusement device or penny amusement device which is so constructed as to automatically make a direct payoff in cash, checks or tokens."

It was further alleged that the provision of the ordinance is invalid under the Federal and state constitutions, in that it violates the provisions of the fourth and fourteenth amendments to the constitution of the United States, Art. I, § 10, of the constitution of the United States, Art. I, § 3, Art. II, § 24, and Art. XI, § 11, of the state constitution; and that the plaintiff's rights, status, and legal relationships are affected by the ordinance, in that they are prohibited by the invalid ordinance from keeping, maintaining, or operating their amusement devices.

The city answered, admitting the passage of the ordinance, but denied that the same was invalid, and as an affirmative defense alleged that the amusement device or machine owned by the plaintiffs, as set forth in the complaint, is a gambling machine or device, or a machine or device which can be and is capable of being used for gambling.

J. S. Katz and Milton Roumm were by the court allowed to intervene in the action.

A trial was had to the court and judgment entered in favor of plaintiff and interveners to the effect that § 5 of the ordinance in question was invalid, arbitrary, and void   Defendant has appealed.

■ At the outset, we are faced with the question as to whether plaintiff properly instituted his proceeding in order to invoke the jurisdiction of the court under the provisions of our declaratory judgment statute.

The action was begun to test the constitutionality of an ordinance passed by the law-making body of the city of Seattle. In order to secure a determination of the question presented, it was necessary for the plaintiff to comply with the provisions of the act relative to the securing of jurisdiction of those parties named in the statute as having a right to defend the action.

Section 2, chapter 113, Laws of 1935, p. 305, Rem. Rev. Stat. (Sup.), § 784-2 [P. C. § 8108-22], which gives the right to test the validity of a municipal ordinance or franchise, is as follows:

"A person interested under a deed, will, written contract or other writings constituting a contract, or whose right, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

Section 11 of the act, p. 307, Rem. Rev. Stat. (Sup.), § 784-11 [P. C. § 8108-31], defining the parties necessary to be included in the action, reads:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and be entitled to be heard."

It does not appear that the attorney general was served with a copy of the proceedings in this case or was cognizant of the institution and maintenance of the action.

The provisions of the act relative to service of the proceedings upon the attorney general, when the constitutionality of a statute or ordinance is called in question, are mandatory and jurisdictional. In such cases, courts cannot proceed until all necessary parties, including the attorney general, are served as provided by the act. The state as a whole is interested in the validity of city ordinances, and it is evident that the legislature desired to protect that interest when it provided for service of the proceedings upon the attorney general.

The state of Tennessee has a uniform declaratory judgment act similar to ours, and section 11 of that act provides that, when the proceedings involve the question of the constitutionality of a statute or ordinance, the proceeding shall be served upon the attorney general. In passing upon that section in a case in which it appeared the attorney general had not been served, the supreme court of that state in *Cummings v. Shipp*, 156 Tenn. 595, 3 S. W. (2d) 1062, said:

"When the proceeding involves a Statute alleged to be unconstitutional Section 11 of the Declaratory Judgments Act requires that the Attorney-General of the State shall be served with a copy of the proceeding. This provision is mandatory. The object of the requirement is to protect the public should the parties be indifferent to the result, as it might affect the public welfare.

"The County Judge is the financial agent of the County, and the County Trustee is its Revenue Collector and Treasurer, and both are interested in the collection of County Revenue. Their interests are in no sense adverse. The Attorney-General of the State

was not made a party to the proceeding, and no notice was served upon him.

"The Court is without jurisdiction and cannot render a declaratory decree conclusive of the questions presented."

The superior court was without jurisdiction to try the case.

In the following cases, we have held that a judgment obtained without having secured proper jurisdiction is void. *Thompson v. Robbins*, 32 Wash. 149, 72 Pac. 1043; *Gould v. White*, 54 Wash. 394, 103 Pac. 460; *Pillsbury v. Beresford*, 58 Wash. 656, 109 Pac. 193; *Felsinger v. Quinn*, 62 Wash. 183, 113 Pac. 275.

The cases cited are controlling.

Assuming, but not deciding, that a controversy within the contemplation of the act has arisen, it is obvious that the judgment entered in this case was a nullity.

The judgment is reversed.

STEINERT, C. J., BEALS, MILLARD, and GERAGHTY, JJ., concur.