[No. 42367. En Banc. November 9, 1972.]

JAMES A. WATSON, *Appellant,* v. WASHINGTON PREFERRED LIFE INSURANCE COMPANY, *Respondent.*

*Leon L. Wolfstone* (of *Wolfstone, Panchot & Bloch*), for appellant.

*Daniel Brink* and *Brian A. Putra* (of *Trethewey & Brink*), for respondent.

NEILL, J.—This appeal challenges the constitutionality of our "missing shareholder" statute, RCW 23A.08.305, and, alternatively, questions the sufficiency of proof required for the initiation and approval of a proceeding thereunder.

Pursuant to a plan of merger of Washington Preferred Life Insurance Company and Northern National Life Insurance Company, Washington Preferred called a shareholders' meeting to consider and vote upon the proposed merger. Notice of the meeting was mailed to shareholders of record, stating in part:

> A special meeting of the stockholders of Washington Preferred Life Insurance Company will be held [time and place] for the following purposes:
>
> 1. To consider and vote upon a plan and agreement of merger providing for the merger of Washington Preferred Life Insurance Company into Northern National Life Insurance Company, a copy of which is annexed . . . to the enclosed proxy statement.
>
> 2. To transact such other business . . .

Notice of the meeting was published in a legal newspaper in King County and in Thurston County. The published notice was identical to the mailed notice except that the substance of the terms of the merger was also set forth in the publication and an additional paragraph stated:

> A proxy and proxy statement, along with a notice to shareholders of the special meeting and a hearing before the Insurance Commissioner of the State of Washington on the proposed Plan and Agreement of Merger, have been mailed to the last known addresses of those shareholders of record as of July 6, 1971. If you are a shareholder of record of Washington Preferred Life Insurance Company as of July 6, 1971, and have not received your

proxy, proxy statement, and notices of the special meeting of stockholders and the Commissioner's hearing, write the Secretary, Washington Preferred Life Insurance Company, 2115 Sixth Avenue, Seattle, Washington 98121, or call MA in 4-0435 in Seattle, Washington, and the proxy, proxy statement, and notices will be mailed to you.

One week after the mailing and publication of the notice of shareholders' meeting, Washington Preferred Life Insurance Company petitioned the superior court for appointment of a representative for missing shareholders pursuant to RCW 23A.08.305:

Upon a showing to the superior court of the county in which the registered office of a corporation is situated that:

(1) The addresses of the shareholders of record are lost, destroyed, incomplete or inadequate, and

(2) Notice of a meeting of shareholders for a purpose requiring the affirmative vote of the holders of two-thirds of any class of shares has been given in the manner required by law as nearly as may be done and has been published in a legal newspaper in Thurston county and in the county in which the registered office of the corporation is situated not less than ten nor more than fifty days before the date of the meeting, the court shall appoint a disinterested person to represent the missing shareholders of record at the meeting and to report his findings to the court which findings may include comments upon the showing made to the court as hereinabove provided. The court shall then approve any action taken at the meeting by the shareholders present in person or by proxy if the court is satisfied that it is in the best interests of the missing shareholders, and such approval shall have the same force and effect as an affirmative vote at the meeting by the missing shareholders. Said disinterested person shall receive reasonable compensation for his services from the corporation, to be fixed by the court.

The affidavit in support of the petition recites that there are 689,477.73 shares outstanding and entitled to vote and that "[T]he addresses available to petitioner of many of the shareholders of record are incomplete and inadequate."

By ex parte order the court appointed Mr. Donald D. Bower as representative. Following the shareholders' meeting, Mr. Bower filed his report with the court, recommending approval of the merger.

At this stage of the proceedings, Mr. James A. Watson, a shareholder of Washington Preferred Life Insurance Company who had attended the shareholders' meeting, petitioned the court for vacation of the order appointing Mr. Bower and, alternatively, for stay of proceedings. Following hearings, the court upheld the constitutionality of RCW 23A.08.305, ruled that there were 8580.6231775 shares represented by missing shareholders, and approved the merger as to these missing shareholders. The affirmative vote of two-thirds of the outstanding shares is required for a merger. RCW 23A.20.030.[1]

Mr. Watson appeals contending that RCW 23A.08.305 violates the contract clauses and the due process clauses of the federal and state constitutions. Alternatively, appellant challenges the sufficiency of the notice to the alleged missing shareholders and asserts inadequate effort was made to locate them.

 Before reaching appellant's challenges, we address ourselves to two threshold issues raised by respondent, Washington Preferred Life Insurance Company. Respondent first contends that because Mr. Watson attended the meeting and voted his shares he has not been deprived of any property right. Respondent cites, *e.g.*, *State v. Human Relations Research Foundation*, 64 Wn.2d 262, 269, 391 P.2d 513 (1964), wherein we reiterated the rule that

> A litigant who challenges the constitutionality of a statute must claim infringement of an interest peculiar and personal to himself, as distinguished from a cause of dissatisfaction with the general framework of the statute.

---

[1]Two-thirds of the 689,477.73 shares outstanding is 459,652. 656,626, 95.2 percent of the shares, were voted; 488,667 were voted for the merger. So, there is a 70.87 percent affirmative vote *without* these 8,500-plus shares. However, it appears from the trial court record and briefs of counsel that some 23,000 shares are under challenge in other proceedings. Therefore, if the 8,500-plus here in issue and the 23,000 are stricken, the affirmative vote falls to 456,000 (less than two-thirds).

The cited rule is not apposite. Each shareholder of a corporation has the right to the continuation of the corporate structure unless and until it is altered or changed by proper action of the shareholders taken in conformity with statutory and corporate regulations. *See State ex rel. Swanson v. Perham,* 30 Wn.2d 368, 191 P.2d 689 (1948). This right is just as valuable and real as other attributes of ownership of corporate shares, such as the right to vote shares, to share in dividends and to transfer the shares. We hold that appellant has standing to challenge the action of the shareholders which affects his rights in the corporation. And we do not find in the record any facts which constitute a waiver by appellant or an estoppel against him.

Respondent also challenges the jurisdiction of the court, contending appellant's attack on the statute constitutes a declaratory judgment action in which appellant failed to serve the Attorney General (RCW 7.24.110). Such service is a jurisdictional requirement in declaratory judgment actions challenging the constitutionality of a statute. *Parr v. Seattle,* 197 Wash. 53, 84 P.2d 375 (1938). We do not agree that this action is an action for declaratory judgment.

The distinctive characteristic of a declaratory judgment action is that it determines the rights of parties to a justiciable controversy before a wrong is committed or a loss incurred. For this reason such actions are clearly denominated as such from commencement and, in fact, the usual attack against declaratory judgments is that the plaintiff has an adequate remedy at law. *See Sorenson v. Bellingham,* 80 Wn.2d 547, 496 P.2d 512 (1972). The lack of an adequate remedy at law is a prerequisite to the right to a declaratory judgment. *Hawk v. Mayer,* 36 Wn.2d 858, 220 P.2d 885 (1950); *Kahin v. Lewis,* 42 Wn.2d 897, 259 P.2d 420 (1953). Appellant has not brought this action as a declaratory judgment action. Neither has it been so treated by the trial court. To follow respondent's argument to its logical conclusion would require courts to consider as a declaratory judgment action any action in which a party

challenges the constitutionality of a statute. Appellant, having standing to sue and an alleged right to relief is not required to test the constitutionality of the statute by an independent action for declaratory relief.

We turn then to appellant's assignments of error and first examine the contention that the published notice did not apprise shareholders that their failure to appear at the shareholders' meeting would result in the court appointing a person to appear for them and, in effect, vote their shares.

■ The essence of procedural due process is notice and the right to be heard. The notice must be reasonably calculated to apprise a party of the pendency of proceedings affecting him or his property, and must afford an opportunity to present his objections before a competent tribunal. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1950). These requirements as to sufficiency of notice are stated in many of our cases. For example, we have held that a default judgment is valid only to the extent that the defendant is apprised by the complaint of the relief sought by plaintiff. *Ermey v. Ermey,* 18 Wn.2d 544, 139 P.2d 1016 (1943); *Davis v. Bafus,* 3 Wn. App. 164, 473 P.2d 192 (1970). Again, in *Ware v. Phillips,* 77 Wn.2d 879, 882, 468 P.2d 444 (1970), we observed, "It is fundamental that a notice to be meaningful must apprise the party to whom it is directed that his person or property is in jeopardy."

■ The published notice given pursuant to RCW 23A.08.305 fails to inform shareholders that (1) those not receiving the mailed notice will be treated as missing shareholders and (2) that, should they fail to appear at the shareholders' meeting, the court will appoint a person to vote their shares. Corporate shareholders are presumed to be familiar with the statutes governing their rights, and to know that the proposed merger can become effective only upon affirmative approval of two-thirds of the outstanding shares. They have the right to assume that absence from the meeting is tantamount to a negative vote as to the

shares of the absentee. Any "missing shareholder" who read the published notice herein was not advised that his failure to appear at the meeting in person or by proxy would result in a court appointed representative exercising his shareholder's rights. The notice given under RCW 23A.08.305 is inadequate and we hold the statute violates the due process clauses of the constitutions.

Search by counsel and by us fails to disclose any statute similar to RCW 23A.08.305 in the United States. The legislation was obviously enacted in an attempt to meet the problems arising from the requirement of a two-thirds vote of all outstanding shares to accomplish certain corporate action and the fact that many corporations are not able, with reasonable diligence, to locate many shareholders. The solution presented by this statute fails to provide for sufficient notice to meet the constitutional test of due process. We were presented with a similar issue concerning our garnishment statute. *Ware v. Phillips, supra.* However, the garnishment statute was amended to provide for adequate notice.

In view of our disposition of the issue of adequacy of the notice, we do not reach the other contentions raised by appellant.

Reversed and remanded for entry of an order vacating the order appointing the representative and the order approving the merger as to "missing shareholders."

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, STAFFORD, WRIGHT, and UTTER, JJ., concur.