135 P.3d 946 (2006)
133 Wash.App. 156
CAMP FINANCE, LLC, a Washington limited liability company, Appellant,
v.
Hersel and Sharon M. BRAZINGTON, husband and wife; Stanley Brazington, Respondents.
No. 24460-1-III.
Court of Appeals of Washington, Division 3.
May 25, 2006.
*947 Robert Ray Rowley, Attorney at Law, Spokane, WA, for Appellant.
Francis J. Gebhardt, Feltman Gebhardt Greer Zeimantz PS, Spokane, WA, for Respondents.
SWEENEY, C.J.
¶ 1 Washington law requires that notice of a sheriff's sale be sent only to the judgment debtor; junior lienholders need not be notified. RCW 6.21.030(1); RCW 6.23.030(1). The judgment creditor here, Hersel and Sharon Brazington and Stanley Brazington, did not notify a junior lienholder (Camp Finance) of a sheriff's sale. Camp Finance challenged the statutory scheme as unconstitutional. But it did not properly plead that challenge. And since the applicable statutes do not require notice, we affirm the summary dismissal of Camp Finance's complaint.

FACTS
¶ 2 Thomas and Denise Stephens owned four parcels of property near Liberty Lake, Washington. The Stephenses had financial reversals that ultimately prompted them to declare bankruptcy. The law office of Huppin, Ewing, Anderson & Paul took a judgment against them in 1996 for $15,160.52. The Stephenses also owed money to Camp Finance. They gave Camp Finance a deed of trust in the Liberty Lake property in 1996 to secure that debt. The Stephenses declared bankruptcy in May 1997. The bankruptcy court discharged their debts in October 1997.
¶ 3 In May 2001 the Stephenses secured Camp Finance's debt with a lien on the Liberty Lake property.
¶ 4 The Brazingtons bought Huppin, Ewing's 1996 judgment against the Stephenses for $1,500 in September 2003. They then executed on the Liberty Lake property to satisfy that judgment.
¶ 5 The sheriff sold all four parcels of land on January 9, 2004. The Brazingtons submitted the highest bid$30,416.45. They notified the Stephenses of the sale and of their right to redeem the property within one year. But they did not directly notify Camp Finance of the sale or its right to redeem. The sheriff did post notice of the sale and publish notice of the sale in a newspaper. The failure to notify Camp Finance of the sale prompts this suit.
¶ 6 Camp Finance first learned of the sheriff's sale on January 6, 2005. It faxed a copy *948 of its voluntary lien to the Spokane County sheriff on Monday, January 10, 2005. It did not redeem the property before the one-year redemption period expired on January 9, 2005. Clerk's Papers (CP) at 30, 112. The sheriff issued a sheriff's deed to the Brazingtons on January 27, 2005. They recorded the deed.
¶ 7 Camp Finance filed a complaint on March 10, 2005, to quiet title in the property and for declaratory relief. It sought to set aside the sheriff's deed and the sale. The Brazingtons moved for summary judgment. Camp Finance then moved to amend its complaint "to add the State of Washington as a necessary party," and to add new causes challenging the constitutional validity of the notice statutes. The court apparently ignored Camp Finance's motion to amend. The court granted the Brazingtons' motion for summary judgment and dismissed Camp Finance's complaint.

DISCUSSION

CONSTITUTIONALITY OF THE STATUTORY SCHEME
¶ 8 Camp Finance first contends that the notice of sheriff's sale statute, RCW 6.21.030(1), and the notice of redemption rights statute, RCW 6.23.030(1), are unconstitutional because neither provides for actual notice to subordinate creditors of a pending sheriff's sale nor do the statutes require notice to the subordinate creditor of redemption rights.
¶ 9 The Brazingtons deny that the statutes are unconstitutional. But they argue that the question is not properly before the court, in any event, because Camp Finance failed to serve the attorney general. And this is required when a party challenges the constitutionality of a statute. RCW 7.24.110.[1]
¶ 10 The question presented is whether the attorney general must be served when a party challenges the constitutionality of a statute. This is a question of law so our review is de novo. Yousoufian v. Office of King County Executive, 152 Wash.2d 421, 436, 98 P.3d 463 (2004).
¶ 11 A plaintiff who seeks to have a statute declared unconstitutional must provide the attorney general with notice of the action. RCW 7.24.110. The attorney general is entitled to be heard. Id. This is because "[t]he state as a whole is interested in the validity of [our state statutes], and it is evident that the legislature desired to protect that interest when it provided for service of the proceedings upon the attorney general." Parr v. City of Seattle, 197 Wash. 53, 56, 84 P.2d 375 (1938). And so service upon the attorney general is mandatory; it is a prerequisite to the court's jurisdiction. Kendall v. Douglas, Grant, Lincoln & Okanogan Counties Pub. Hosp. Dist. No. 6, 118 Wash.2d 1, 11-12, 820 P.2d 497 (1991); Leonard v. City of Seattle, 81 Wash.2d 479, 480-84, 503 P.2d 741 (1972); Parr, 197 Wash. at 56, 84 P.2d 375.
¶ 12 Camp Finance sued to quiet title in the four parcels of real property sold at the sheriff's sale and for a judicial declaration of its rights in the property. The Brazingtons moved for summary judgment based on their compliance with the applicable statutes. Camp Finance responded to the motion and only then challenged the constitutional validity of the statutes. Camp Finance also moved to amend its complaint to accommodate its constitutional challenges and to add the attorney general as a party. The court did not address Camp Finance's motion to amend. It granted the Brazingtons' motion for summary judgment and dismissed Camp Finance's complaint.
¶ 13 Camp Finance argues that this court has jurisdiction to address the constitutional issues. It argues that the jurisdictional notice requirements in RCW 7.24.110 (requiring notice to the attorney general) do not apply since it raised the constitutional issues in *949 response to a motion for summary judgment, rather than in its complaint. Camp Finance also argues that this is an issue that is appropriate for appellate review in the first instance citing RAP 2.5(a)(3) ("manifest error affecting a constitutional right").
¶ 14 Significantly for our analysis here, Camp Finance assigns no error to the trial court's failure to address its motion to amend the complaint.
¶ 15 We reject Camp Finance's arguments for two reasons. First, its challenge to the constitutionality of these statutes is nowhere to be found in its complaint. And the complaint must provide both the court and an opposing party with notice of the general nature of a plaintiff's claims. Nw. Line Constructors Chapter of Nat'l Elec. Contractors Ass'n v. Snohomish County Pub. Util. Dist. No. 1, 104 Wash.App. 842, 848-49, 17 P.3d 1251 (2001). It must identify the legal theories upon which the plaintiff seeks recovery. Kirby v. City of Tacoma, 124 Wash.App. 454, 469-70, 98 P.3d 827 (2004); Dewey v. Tacoma Sch. Dist. No. 10, 95 Wash. App. 18, 23-25, 974 P.2d 847 (1999). This is because an opposing party is entitled to fair notice of the claims he must defend against. Dewey, 95 Wash.App. at 23, 974 P.2d 847. Insufficient pleadings are, then, prejudicial. Elec. Contractors, 104 Wash.App. at 848-49, 17 P.3d 1251; Dewey, 95 Wash.App. at 23, 25, 974 P.2d 847.
¶ 16 And Camp Finance apparently recognized the problem, since it attempted to amend its complaint. A complaint must be properly amended under CR 15(a) to assert new legal theories. Kirby, 124 Wash.App. at 470, 98 P.3d 827; Dewey, 95 Wash.App. at 27, 974 P.2d 847. But a complaint generally cannot be amended through arguments in a response brief to a motion for summary judgment. Kirby, 124 Wash.App. at 472, 98 P.3d 827. Camp Finance cannot then raise new legal theories in response to the Brazingtons' motion for summary judgment without amending its complaint. Id.; Dewey, 95 Wash.App. at 26, 974 P.2d 847. And the disposition of Camp Finance's motion to amend is not before us.
¶ 17 Second, even if Camp Finance had properly pleaded the constitutional challenge, it was required to provide the attorney general with notice of the suit. RCW 7.24.110; Kendall, 118 Wash.2d at 11-12, 820 P.2d 497; Leonard, 81 Wash.2d at 481, 503 P.2d 741; Parr, 197 Wash. at 56, 84 P.2d 375. The trial court did not, then, have jurisdiction to address the issue, in any event. Kendall, 118 Wash.2d at 11-12, 820 P.2d 497; see Leonard, 81 Wash.2d at 480-84, 503 P.2d 741; Parr, 197 Wash. at 56, 84 P.2d 375. And we also lack jurisdiction for the same reasons. Parr, 197 Wash. at 56, 84 P.2d 375.

STATUTORY NOTICE REQUIREMENTS
¶ 18 Camp Finance next argues that it had the right under the statute to redeem the property as a "redemptioner." RCW 6.23.010(1)(b) (defining redemptioner). And pursuant to RCW 6.23.030(1), Camp Finance, as a "redemptioner," was entitled to notice of its right to redeem the property.
¶ 19 The Brazingtons respond that under the clear language of the statutes (RCW 6.21.030(1) and RCW 6.23.030(1)) they were not required to notify Camp Finance of the sheriff's sale or of its right to redeem the property. They argue that in fact RCW 6.23.030(1) requires notice to the judgment debtor of the expiration of the redemption period only if the property is subject to a homestead. Camp Finance is not the judgment debtor. And the property was not subject to a homestead.
¶ 20 Again, the question raised is one of law. Yousoufian, 152 Wash.2d at 436, 98 P.3d 463. We interpret a statute as written if it is clear on its face. Am. Cont'l Ins. Co. v. Steen, 151 Wash.2d 512, 518, 91 P.3d 864 (2004); Parkland Light & Water Co. v. Tacoma-Pierce County Bd. of Health, 151 Wash.2d 428, 432, 90 P.3d 37 (2004). And significantly for our purposes here, "we will not add language to an unambiguous statute even if we believe the legislature intended something else but did not adequately express it." Steen, 151 Wash.2d at 518, 91 P.3d 864.
¶ 21 RCW 6.21.030(1) (notice of sheriff's sale) states that a judgment creditor is required to provide the judgment debtor with *950 notice that the debtor's real property will be sold by the sheriff.
Before the sale of real property under execution, order of sale, or decree, notice of the sale shall be given as follows:
(1) The judgment creditor shall:
(a) Not less than thirty days prior to the date of sale, cause a copy of the notice in the form provided in RCW 6.21.040 to be (i) served on the judgment debtor or debtors and each of them in the same manner as a summons in a civil action, or (ii) transmitted both by regular mail and by certified mail, return receipt requested, to the judgment debtor or debtors, and to each of them separately if there is more than one judgment debtor, at each judgment debtor's last known address; and
(b) Not less than thirty days prior to the date of sale, mail a copy of the notice of sale to the attorney of record for the judgment debtor, if any.
RCW 6.21.030(1) (emphasis added).
¶ 22 RCW 6.23.030(1) (notice of redemption rights) states that a party who purchases property at a sheriff's sale is required to provide the judgment debtor with notice of the redemption period if the property is subject to a homestead.
If the property is subject to a homestead. . . the purchaser . . . shall send a notice. . . at least forty but not more than sixty days before the expiration of the judgment debtor's redemption period . . . to the judgment debtor or debtors and to each of them separately, if there is more than one judgment debtor.

RCW 6.23.030(1) (emphasis added).
¶ 23 The statutes here are not ambiguous. Steen, 151 Wash.2d at 518, 91 P.3d 864. They require only that the Brazingtons, as the judgment creditors, give notice to the Stephenses, the judgment debtors. RCW 6.21.030(1); RCW 6.23.030(1). The Brazingtons, then, followed the letter of RCW 6.21.030(1) and RCW 6.23.030(1). They were not required to give Camp Finance notice of the sale or of ANY redemption rights.

CONFIRMATION OF THE SALE BY THE COURT
¶ 24 Camp Finance next argues that the sheriff's deed is invalid since it was not confirmed by the court. RCW 6.21.110. The Brazingtons respond that confirmation by the court is not a prerequisite to the issuance of a sheriff's deed. And the absence of the sheriff's deed does not affect the validity of the deed to the Brazingtons.
¶ 25 A confirmation order is an essential procedural step to complete an execution sale. Hazel v. Van Beek, 135 Wash.2d 45, 56, 954 P.2d 1301 (1998); Ferry County Title & Escrow Co. v. Fogle's Garage, Inc., 4 Wash.App. 874, 880, 484 P.2d 458 (1971). The order creates a final sales contract for the purchase of the property. Van Beek, 135 Wash.2d at 56, 954 P.2d 1301 (bid not a contract until confirmed by the court). A confirmation order must be entered within the statutory life of the underlying judgment that prompted the sale. Id. A judgment is valid for 10 years after the date it is entered. RCW 4.56.190, .210; RCW 6.17.020.
¶ 26 The entry of a confirmation order is a condition precedent to the issuance of a valid sheriff's deed. Mueller v. Miller, 82 Wash.App. 236, 248, 917 P.2d 604 (1996). A sheriff's deed transfers legal title in the property. Van Beek, 135 Wash.2d at 56, 954 P.2d 1301. A sheriff's deed is generally issued after the statutory redemption period expires. RCW 6.21.120. The statutory issuance of a sheriff's deed, after the redemption period expires, is a ministerial act that occurs without the assistance of the court. Van Beek, 135 Wash.2d at 56, 954 P.2d 1301.
¶ 27 Here, the Brazingtons received an assignment of the (August 1, 1996) judgment. They executed against the property. The sheriff sold the property. The Brazingtons purchased the property. But they did not confirm the sale by court order.
¶ 28 Camp Finance correctly argues that the Brazingtons are required to confirm the sale. But the Brazingtons are not time barred from seeking the appropriate order of confirmation. The only requirement is that the confirmation order be entered within the statutory period from the date of the judgment. RCW 4.56.190, .210; RCW 6.17.020; *951 Van Beek, 135 Wash.2d at 56, 954 P.2d 1301. The court can still confirm the sale before the statutory period expiresAugust 1, 2006. Van Beek, 135 Wash.2d at 56, 954 P.2d 1301. This issue is, then, not ripe for review. Patrol Lieutenants Ass'n v. Sandberg, 88 Wash. App. 652, 661-62, 946 P.2d 404 (1997).

CHALLENGE TO PROCEDURE
¶ 29 Finally, we are asked by Camp Finance to pass upon a number of procedural irregularities. And although the parties do not discuss our jurisdiction in this regard, we do not believe we have the authority to pass on these procedural irregularities.
¶ 30 A sheriff is required, after a sheriff's sale, to provide the clerk of the court with a certificate of sale and a "return on the execution." RCW 6.21.100(2). The clerk is then required to "mail notice of the filing of the return of sale to all parties who have entered a written notice of appearance in the action." RCW 6.21.110(1)(b). A party who wishes to object to the sale based on an alleged procedural irregularity must do so within 20 days after the clerk of the court mails "notice of the filing of [the sheriff's] return." RCW 6.21.110(2); Van Beek, 135 Wash.2d at 51-52, 954 P.2d 1301. The 20-day period is a mandatory time limit. Van Beek, 135 Wash.2d at 51-52, 954 P.2d 1301; Brady v. Ford, 184 Wash. 467, 470, 52 P.2d 319 (1935).
¶ 31 "[A] judgment creditor or successful purchaser at the sheriff's sale is entitled to an order confirming the sale at any time after twenty days have elapsed" if no objections to the confirmation are filed. RCW 6.21.110(2) (emphasis added); Van Beek, 135 Wash.2d at 51-52, 954 P.2d 1301. The entry of a confirmation order precludes any further inquiry into alleged procedural irregularities with a sheriff's sale. Van Beek, 135 Wash.2d at 52, 954 P.2d 1301; Betz v. Tower Sav. Bank, 185 Wash. 314, 324, 55 P.2d 338 (1936).
¶ 32 Camp Finance did not enter a written notice of appearance in the original action. It, of course, did not know that the sale had taken place until almost a year later. Camp Finance filed its complaint more than one year after the sale. It objected to the sale based on a number of claimed procedural irregularities.
¶ 33 But Camp Finance did not object to the confirmation of the sale within the required 20-day statutory period. RCW 6.21.110(2). It is a mandatory requirement that any objections be filed within this period. Id.; Van Beek, 135 Wash.2d at 51-52, 954 P.2d 1301; Brady, 184 Wash. at 470, 52 P.2d 319. We cannot then address Camp Finance's issues related to the alleged procedural irregularities in the sale, Van Beek, 135 Wash.2d at 51-52, 954 P.2d 1301, even though the sheriff's sale has not yet been confirmed by the court.

HOLDING
¶ 34 We affirm the summary dismissal of Camp Finance's complaint.
WE CONCUR: BROWN and KULIK, JJ.
NOTES
[1] RCW 7.24.110 states:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and be entitled to be heard."