IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| PHILLIP JOHN CASALI, | ) | |
| | ) | No. 39426-3-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent. | ) | |

FEARING, J. — The State appeals from the Asotin County Superior Court's

restoration of firearm rights to petitioner Phillip John Casali. The State argues that a

former venue statute precluded Casali from filing his petition for restoration in Asotin

County. Casali, an Idaho resident convicted of a disqualifying crime in Idaho, in turn,

challenges the constitutionality of the venue statute. We reverse the restoration of rights

and direct dismissal of the suit because of Casali's failure to give notice to the

Washington State Attorney General's Office of his constitutional challenge to the former

Washington statute.

## FACTS

In 1998, the State of Idaho convicted Phillip John Casali with delivery of

marijuana. Casali, now released from incarceration for more than five years, resides in

Idaho. He regularly visits Asotin County for shopping, medical appointments,

entertainment, and visits with friends. Under Washington law, Casali's Idaho conviction precludes him from possessing a firearm in the State of Washington. RCW 9.41.040.

Since his release from confinement in Idaho, Phillip John Casali has gone without any convictions in any jurisdiction. He has not been involuntarily committed for any mental health illness. Washington law, before July 23, 2023, permitted one to restore his firearm rights under limited circumstances, including residing in the community for five consecutive years without a conviction prohibiting firearm possession. RCW 9.41.041.

## PROCEDURE

On October 18, 2022, Phillip John Casali filed a petition, in Asotin County Superior Court, to restore his right to possess firearms in the state of Washington. Casali has never given notice of his petition to the Washington State Attorney General's Office.

At the time of the filing of the petition and at the time of the superior court's review of the petition, RCW 9.41.040(4)(b) contained a venue clause for the filing of a petition to restore firearm rights:

> (b) An individual may petition a court of record to have his or her right to possess a firearm restored under (a) of this subsection only at:
> (i) the court of record that ordered the petitioner's prohibition on possession of a firearm; or
> (ii) the superior court in the county in which the petitioner resides.

Under this statute, venue for Phillip John Casali's petition lay only in the state of Idaho, with the consequence that Casali, despite wishing to hunt in Washington, could not

2

restore his firearm rights in this state. The legislature has subsequently repealed the venue provision of the statute.

Phillip John Casali argued before the superior court that the venue requirement of the former RCW 9.41.040(4)(b) (2022) breached the Privileges and Immunities Clause of Article IV of the U.S. Constitution, the equal protection guarantees of the Fourteenth Amendment to the U.S. Constitution, and article I, section 12 of the Washington Constitution.

The superior court granted the petition over the State's objection. The State appeals the order restoring Phillip John Casali's firearm rights.

As appendix A to his brief, Phillip John Casali attached findings of fact and conclusions of law from *Nathan Drake King v. State*, another Asotin County Superior Court decision addressing the same subject matter. The State filed a motion to strike the appendix, because the pleadings from the other superior court case were not part of the record below. Our court commissioner denied the motion to strike. The State sought modification of the commissioner's ruling before this panel of judges. We deferred ruling on the motion to strike until issuing our decision resolving the appeal. Because of our disposition of the appeal, we do not address the motion.

After the parties filed their respective briefs, this court asked the parties to answer the following questions:

1. Did [Phillip John] Casali, during the pending of the case before the superior court, give notice to the State Attorney General's Office pursuant to RCW 7.24.110?

2. Must [Phillip John] Casali have given the State Attorney General's Office notice of his petition and given the Office an opportunity to intervene and litigate the constitutionality of former RCW 9.41.040?

3. If the answer to question 2 is yes, must this court dismiss the appeal?

Letter from Court Clerk Tristen Worthen, Division III of the Washington State Court of Appeals, No. 39426-3-III, (May 7, 2024). In response to this court's letter, Phillip John Casali and the State of Washington filed a stipulation that, during this lawsuit before the Asotin County Superior Court, Casali gave no notice of the pending litigation to the Washington State Attorney General's Office. Each party filed a supplemental brief arguing that the law did not require notice because the nature of Casali's action was not one for declaratory judgment.

## LAW AND ANALYSIS

We disagree with the parties on the answer to whether Phillip John Casali needed to serve the Attorney General's Office with notice of this suit. Therefore, we decline to address the merits of the appeal and direct the superior court to dismiss Casali's petition because of his failure to serve the Attorney General's Office.

RCW 7.24.110, a section of Washington's Uniform Declaratory Judgment Act, governs our decision. The statute recites:

When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the

4

> declaration[.] . . . In any proceeding [in] which . . . the statute . . . is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and be entitled to be heard.

RCW 7.24.110 requires notification to the state attorney general of any constitutional challenge to state legislation. *Jackson v. Quality Loan Service Corp.*, 186 Wn. App. 838, 846, 347 P.3d 487 (2015). Service on the Attorney General's Office is mandatory. *Kendall v. Douglas, Grant, Lincoln, and Okanogan Counties Public Hospital District No. 6*, 118 Wn.2d 1, 11-12, 820 P.2d 497 (1991); *Camp Finance, LLC v. Brazington*, 133 Wn. App. 156, 160, 135 P.3d 946 (2006). A failure to notify the office is procedurally deficient, and the court must dismiss the suit on that ground alone. *Jackson v. Quality Loan Service Corp.*, 186 Wn. App. 838, 846 (2015).

The legislature enacted RCW 7.24.110 to protect the public, should the parties be indifferent to the result. *Clark v. Seiber*, 49 Wn.2d 502, 503, 304 P.2d 708 (1956). The State maintains an interest in the constitutionality of its statutes since legislation affects the public welfare. *Parr v. City of Seattle*, 197 Wash. 53, 84 P.2d 375 (1938).

The State and Phillip John Casali contend that Casali brought his action under RCW 9.41.040(4) for the purpose of restoring his firearm rights and that he does not seek declaratory relief under RCW 7.24.110. Thus, both parties insist that Casali need not have served notice on the Attorney General's Office.

In so arguing, the parties promote substance over form. Their contention fails to recognize that, regardless of whether Phillip John Casali employs the term declaratory

5

judgment in his pleadings, he seeks a ruling declaring RCW 9.41.040(4) void on constitutional grounds for those residing in other states who have foreign state convictions. Any ruling by this court would hold precedent across the state. The State of Washington holds an interest in a court proceeding seeking the invalidity of a statute in whole or in part. The State of Washington holds an interest in regulating gun ownership and possession by those who were earlier convicted of a felony. *State v. Jorgenson*, 179 Wn.2d 145, 157, 312 P.3d 960 (2013).

*Jackson v. Quality Loan Services Corp.*, 186 Wn. App. 838 (2015) informs our decision. Sandra Jackson brought an action challenging the constitutionality of ch. 61.24 RCW but failed to notify the attorney general of the action. This court's opinion reads that Jackson did not bring the action under ch. 7.24 RCW. This court, however, held that, regardless of the caption or name of the action, the statute demands notification to the state attorney as a mandatory prerequisite to challenge a statute's constitutionality. We wrote:

> *RCW 7.24.110 requires notification to the state attorney general when there is a constitutional challenge to state legislation.* Jackson failed to notify the state attorney general. Dismissal of constitutional claims challenging the facial constitutionality of a state statute is appropriate where the state attorney general has not been notified. *See Kendall v. Douglas, Grant, Lincoln, and Okanogan Counties Pub. Hosp. Dist. No. 6*, 118 [Wn].2d 1, 11-12, 820 P.2d 497 (1991) (service on the attorney general is mandatory and a prerequisite); *Camp Fin., LLC v. Brazington*, 133 [Wn]. App. 156, 160, 135 P.3d 946 (2006) (attorney general must be served when a party challenges the constitutionality of a statute). Jackson's attack on the

6

constitutionality of the DTA [deed of trust act]is procedurally deficient, and thus, dismissal on that ground alone was appropriate.

*Jackson v. Quality Loan Services Corp.*, 186 Wn. App. 838, 846 (2015) (emphasis added)

(alterations added).

Phillip John Casali casts doubt on the vitality of the *Jackson* ruling.  He emphasizes that the *Jackson* decision cited *Camp Finance, LLC v. Brazington* when writing "[d]ismissal of constitutional claims challenging the facial constitutionality of a state statute is appropriate where the state attorney general has not been notified." *Jackson v. Quality Loan Serv. Corp.*, 186 Wn. App. 838, 846 (2015).  According to Casali, the *Jackson* court erred when relying on *Camp Finance* because the *Camp Finance* opinion (1) ignores precedent set by our state's Supreme Court in 1972 on the issue of whether the notice requirements of RCW 7.24.110 apply to any action challenging the constitutionality of a state statute and (2) relies on cases that concern only actions for declaratory relief brought under ch. 7.24 RCW.

In *Camp Finance, LLC v. Brazington*, 133 Wn. App. 156 (2006), this court wrote:

> The Brazingtons deny that the statutes are unconstitutional.  *But they argue that the question is not properly before the court, in any event, because Camp Finance failed to serve the attorney general.  And this is required when a party challenges the constitutionality of a statute.  RCW 7.24.110.*
> *The question presented is whether the attorney general must be served when a party challenges the constitutionality of a statute. . . .*

> *A plaintiff who seeks to have a statute declared unconstitutional must provide the attorney general with notice of the action.* RCW 7.24.110. . . .
>
> . . . .
>
> Camp Finance argues that this court has jurisdiction to address the constitutional issues. It argues that the jurisdictional notice requirements in RCW 7.24.110 (requiring notice to the attorney general) do not apply since it raised the constitutional issues in response to a motion for summary judgment, rather than in its complaint.
>
> . . . .
>
> We reject Camp Finance's arguments for two reasons. . . .
>
> . . . .
>
> Second, *even if Camp Finance had properly pleaded the constitutional challenge, it was required to provide the attorney general with notice of the suit.* RCW 7.24.110; *Kendall*, 118 [Wn].2d at 11-12, 820 P.2d 497; *Leonard*, 81 [Wn].2d at 481, 503 P.2d 741; *Parr*, 197 Wash. [53] at 56, 84 P.2d 375 [1938]. The trial court did not, then, have jurisdiction to address the issue, in any event. *Kendall*, 118 [Wn].2d at 11-12, 820 P.2d 497; *see Leonard*, 81 [Wn].2d at 480-84, 503 P.2d 741; *Parr*, 197 Wash. [53], 56. And we also lack jurisdiction for the same reasons. *Parr*, 197 Wash. 53, 56, 84 P.2d 375 (1938).

*Camp Finance, LLC v. Brazington*, 133 Wn. App. 156, 160-62 (2006) (some emphasis added).

Phillip John Casali asserts (1) that the emphasized language above conflicts with precedent set by the Washington State Supreme Court in *Watson v. Washington Preferred Life Ins. Co.*, 81 Wn.2d 403, 502 P.2d 1016 (1972), and (2) that, in citing *Kendall*, *Leonard*, and *Parr*, the *Camp Finance* opinion omits the fact each of the challengers to a Washington statute sought a declaratory judgment under ch. 7.24 RCW. So, we chase Casali's argument further by reviewing the four cases.

8

In *Watson v. Washington Preferred Life Insurance Co.*, 81 Wn.2d 403 (1972), the

insurance company challenged the trial court's jurisdiction on the ground that James

Watson's attack on a state statute constituted a declaratory judgment action and therefore

he had to serve the attorney general with notice of the action, as required by

RCW 7.24.110. The Washington State Supreme Court held that Watson did not need to

abide by the notice requirements of RCW 7.24.110 because he did not bring an action for

declaratory relief. The Court reasoned:

> The distinctive characteristic of a declaratory judgment action is that it determines the rights of parties to a justiciable controversy before a wrong is committed or a loss incurred. For this reason such actions are clearly denominated as such from commencement and, in fact, the usual attack against declaratory judgments is that the plaintiff has an adequate remedy at law. See *Sorenson v. Bellingham*, 80 Wn.2d 547, 496 P.2d 512 (1972). The lack of an adequate remedy at law is a prerequisite to the right to a declaratory judgment. *Hawk v. Mayer*, 36 [Wn].2d 858, 220 P.2d 885 (1950); *Kahin v. Lewis*, 42 [Wn].2d 897, 259 P.2d 420 (1953). Appellant has not brought this action as a declaratory judgment action. Neither has it been so treated by the trial court. To follow respondent's argument to its logical conclusion would require courts to consider as a declaratory judgment action any action in which a party challenges the constitutionality of a statute.

*Watson v. Washington Preferred Life Insurance Co.*, 81 Wn.2d 403, 407-08 (1972). This

reasoning establishes that the notice requirement of RCW 7.24.110 applies when one

brings an action for declaratory relief *and* the trial court treats the action as such.

In *Kendall v. Douglas, Grant, Lincoln & Okanogan Counties Public Hospital

District No. 6*, 118 Wn.2d 1, 11 (1991), taxpayers of Douglas, Grant, Lincoln and

9

Okanogan Counties challenged the constitutionality of a state statute in an action brought under ch. 7.24 RCW. The Washington State Supreme Court recognized that, when arguing before the trial court, the taxpayers, in their complaint, insisted that they only indirectly challenged the constitutionality of the state statute, but also insisted that the statute was facially invalid. The Supreme Court held that, having challenged the constitutionality of the statute, the taxpayers were required by RCW 7.24.110 to serve the attorney general with a copy of the proceeding. *Kendall v. Douglas, Grant, Lincoln & Okanogan Counties Public Hospital District No. 6*, 118 Wn.2d 1, 11 (1991).

In *Leonard v. City of Seattle*, 81 Wn.2d 479, 503 P.2d 741 (1972), Samuel Leonard brought an action for declaratory judgment under ch. 7.24 RCW arguing that former RCW 41.20.110 was unconstitutional. He did not serve the attorney general with notice of the action. Because the Attorney General's Office waived the requirement of such notice in open court, the Supreme Court of Washington held that Leonard's failure to serve the attorney general did not warrant dismissal on jurisdictional grounds.

In *Parr v. City of Seattle*, 197 Wash. 53, 56 (1938), the plaintiffs brought an action under ch. 7.24 RCW in which they challenged the constitutionality of a Seattle city ordinance concerning licensing of devices. They did not serve the attorney general with notice of the proceedings, as required by RCW 7.24.110. Noting that failure, the Washington State Supreme Court wrote:

10

> [t]he provisions of the act relative to service of the proceedings upon the attorney general, when the constitutionality of a statute or ordinance is called in question, are mandatory and jurisdictional. In such cases courts cannot proceed until all necessary parties, including the attorney general, are served as provided by the act.

*Parr v. City of Seattle*, 197 Wash. 53, 56 (1938). The court concluded that, because the appellants failed to serve notice of the action to the attorney general, the trial court was without jurisdiction to decide the matter.

Phillip John Casali correctly observes that *Kendall*, *Leonard*, and *Parr* concern constitutional challenges to statutes brought pursuant to ch. 7.24 RCW. We deem language in *Kendall* to control, however, regardless of whether the party suing labels the action as a declaratory judgment action. To reiterate, the Supreme Court in *Kendall* held that, "[h]aving challenged the constitutionality of the statute, they were required by RCW 7.24.110 to serve the [a]ttorney [g]eneral 'with a copy of the proceeding.'" *Kendall v. Douglas, Grant, Lincoln & Okanogan Counties Public Hospital District No. 6*, 118 Wn.2d 1, 11 (1991). The Supreme Court did not limit the application of RCW 7.24.110's notice requirement to only those actions brought for declaratory relief under ch. 7.24 RCW. The Supreme Court's decision to remain silent in that respect indicates an intention for the notice to be given *any* time the constitutionality of a statute is challenged, regardless of whether the action was brought under ch. 7.24 RCW.

11

No. 39426-3-III
*Casali v. State*

Assuming *Watson v. Washington Preferred Life Insurance Co.* and *Kendall* to be inconsistent, the Supreme Court decided *Kendall* last.

The State argues that, if RCW 7.24.110 demands notification to the Attorney General's Office any time a litigant challenges the constitutionality of a statute, every criminal defendant seeking relief by questioning the constitutionality of a statute would be required to give such notice. The State cites no authority for its argument that the declaratory judgment act applies to criminal proceedings.

Typically, if one challenges the constitutionality of a state statute and fails to notify the Attorney General's Office of the action, the case must be dismissed. *Jackson v. Quality Loan Service Corp.*, 186 Wn. App. 838, 846 (2015). Nevertheless, as illustrated in *Leonard v. City of Seattle*, failure to provide such notice does not warrant dismissal when the office waives the notice requirement in open court. Our record shows no waiver by the Attorney General's Office.

CONCLUSION

We remand to the Asotin County Superior Court to revoke its order restoring Phillip John Casali's gun rights and to dismiss Casali's petition.

12

No. 39426-3-III
*Casali v. State*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Fearing, J.

WE CONCUR:

Staab, A.C.J.                          Cooney, J.