# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SANDRA SHELLEY JACKSON, a single woman, | ) ) ) | No. 72016-3-I |
| Appellant, | ) ) | DIVISION ONE |
| v. | ) ) | PUBLISHED OPINION |
| QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC., MCCARTHY & HOLTHUS, LLP, a Washington Limited Liability Partnership, U.S. BANK, NATIONAL ASSOCIATION as trustee for WAMU MORTGAGE PASS THROUGH CERTIFICATE FOR WMALT 2006-AR4 TRUST INVESTORS IN WMALT 2006-AR4 TRUST c/o J.P. MORGAN BANK, NA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | FILED: April 6, 2015 |
| Respondents. | ) | |

TRICKEY, J. — Notification to the state attorney general is a mandatory prerequisite to challenge a statute's constitutionality. Here, the plaintiff sought to have Washington's deeds of trust act (DTA), chapter 61.24 RCW, declared unconstitutional but failed to notify the attorney general as required by statute. Even if the plaintiff in this case were able to pass the procedural bar to her action, we conclude that the DTA is constitutional.

Any remaining claims that the plaintiff might have under the DTA, have been addressed and disposed of by recent Supreme Court decisions. Accordingly, we affirm the trial court's CR 12(b)(6) dismissal.

FACTS

In March 2006, Sandra Shelley Jackson refinanced her home with a $715,000 loan from Cameron Financial Group, Inc., dba 1st Choice Mortgage. The loan was evidenced by a promissory note and secured by a deed of trust encumbering Jackson's home located in Seattle. In the deed of trust, 1st Choice Mortgage was identified as "lender," Fidelity National Title as "trustee," and Mortgage Electronic Registration Systems, Inc. (MERS) as a "nominee for Lender and Lender's successors and assigns," where MERS is the "beneficiary under this Security Instrument."[1] The deed of trust is recorded under King County Recorder's No. 20060331001860. The note and deed of trust provide for a nonjudicial foreclosure of the property in the event of default, pursuant to the DTA.

The loan was subsequently sold to a securitized trust known as the "WAMU Mortgage Pass Through Certificate For WMALT 2006-AR4."[2] In her complaint, Jackson recognizes that under the terms of the note WMALT 2006-AR4 trust is a "note holder." U.S. Bank, National Association is the trustee for WMALT 2006-AR4 trust and possesses the note.

In January 2011, Jackson defaulted on her loan payments. On September 20, 2012, MERS, acting as the nominee for U.S. Bank as trustee for WMALT 2006-AR4 trust, terminated its agency interest when it assigned its nominee interest in the deed of trust back to its principal, U.S. Bank as trustee.

In November 2012, Jackson received a notice advising her that her loan was in default. The notice disclosed that her loan had been sold to U.S. Bank as

---

[1] Clerk's Papers (CP) at 88; Exhibit (Ex.) 3.
[2] CP at 85-86.

2

trustee for the WMALT 2006-AR4 trust, J.P. Morgan Chase Bank, N.A. was her loan servicer, and her arrears were approximately $127,000. The notice also informed her that a foreclosure sale might be scheduled if she did not cure her default, but "ha[d] recourse to the courts pursuant to RCW 61.24.130 to contest the alleged default on any proper ground."[3]

On November 13, 2012, U.S. Bank, the note holder, recorded an appointment of successor trustee appointing Quality Loan Service Corporation of Washington as the new trustee under the deed of trust. On December 21, 2012, when Jackson failed to cure her default, Quality Loan Service recorded a notice of trustee's sale, scheduling the sale for April 26, 2013. The notice of trustee's sale referenced the notice of default, identifying the original parties to the deed of trust, in order to permit the recorder's office to link to the deed of trust. The notice identified U.S. Bank as successor in interest to Jackson's loan.

Shortly before the scheduled foreclosure, Jackson filed a complaint asserting claims against U.S. Bank, Chase Bank, MERS, Quality Loan Services, and its legal counsel, McCarthy & Holthus, LLP. Jackson amended her complaint to include claims asserting that the deed of trust is unenforceable, violates the DTA, violates the Washington Constitution, violates the Consumer Protection Act (CPA),[4] and for breach of contract, unconscionability, negligence, and quiet title. The trial court dismissed the complaint under CR 12(b)(6). Jackson appeals.

---

[3] CP 55-57; Ex. 4.
[4] Ch. 19.86 RCW.

3

ANALYSIS

Standard of Review

This court reviews de novo an order granting a motion to dismiss under CR 12(b)(6). FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 962, 331 P.3d 29 (2014); Kinney v. Cook, 159 Wn.2d 837, 842, 154 P.3d 206 (2007). Dismissal under CR 12(b)(6) is appropriate in those cases where the plaintiff cannot prove any set of facts consistent with the complaint that would entitled the plaintiff to relief. Bravo v. Dolsen Cos., 125 Wn.2d 745, 750, 888 P.2d 147 (1995). "[A]ny hypothetical situation conceivably raised by the complaint defeats a CR 12(b)(6) motion if it is legally sufficient to support the plaintiff's claim." Bravo, 125 Wn.2d at 756 (alteration in original) (quoting Halvorson v. Dahl, 89 Wn.2d 673, 674, 574 P.2d 1190 (1978)). All facts alleged in the plaintiff's complaint are presumed true. Tenore v. AT&T Wireless Servs., 136 Wn.2d 322, 330, 962 P.2d 104 (1998). However, the complaint's legal conclusions are not required to be accepted on appeal. Haberman v. Washington Pub. Power Supply Sys., 109 Wn.2d 107, 120, 744 P.2d 1032 (1987). "If a plaintiff's claim remains legally insufficient even under his or her proffered hypothetical facts, dismissal pursuant to CR 12(b)(6) is appropriate." Gorman v. Garlock, Inc., 155 Wn.2d 198, 215, 118 P.3d 311 (2005).

Issues of statutory constitutionality are reviewed de novo. HomeStreet, Inc. v. Dep't of Revenue, 166 Wn.2d 444, 451, 210 P.3d 297 (2009).

Judicial Notice

Jackson argues that the trial court improperly took judicial notice of documents attached to defendants U.S. Bank, MERS, and Chase Bank's motion

to dismiss. In general, when ruling on a CR 12(b)(6) motion to dismiss, the trial court may only consider the allegations contained in the complaint and may not go beyond the face of the pleadings. Brown v. MacPherson's, Inc., 86 Wn.2d 293, 297, 545 P.2d 13 (1975). But the trial court may take judicial notice of public documents if the authenticity of those documents cannot be reasonably disputed. Berge v. Gorton, 88 Wn.2d 756, 763, 567 P.2d 187 (1977). ER 201(b)(2) authorizes the court to take judicial notice of a fact that is "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Additionally, where a plaintiff asserts allegations in a complaint on specific documents, but does not physically attach those documents, the documents may be considered in ruling on a CR 12(b)(6) motion for judgment on the pleadings. Rodriguez v. Loudeye Corp., 144 Wn. App. 709, 189 P.3d 168 (2008); see, e.g., In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (appropriate for trial court to consider other portions of document referenced in complaint in a motion to dismiss and doing so does not convert the motion into one for summary judgment).

U.S. Bank sought to have the trial court take judicial notice of the adjustable rate note, prepayment penalty addendum, and an allonge to the note for the loan, which were repeatedly referenced in Jackson's complaint. The other two documents that U.S. Bank sought to introduce were publicly recorded property records easily accessed through the King County Recorder's Office—a recorded

corporate assignment of the deed of trust and a recorded appointment of successor trustee, Quality Loan Service Corporation.

Although the record does not indicate whether the trial court did in fact take judicial notice of these documents, the court's consideration of the documents was appropriate in this CR 12(b)(6) motion. Jackson's complaint was based on the alleged breach of the DTA, which was based in part on the documents presented to the court. Because Jackson cannot challenge the authenticity of these readily available public documents, the trial court did not err in taking judicial notice of these documents.

Nonconstitutional Claims

Jackson failed to address her claims for violation of the CPA, breach of contract, unconscionability, negligence, and quiet title in her opening appellate brief. An appellant's brief must contain "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6).

An appellate court will not consider a claim of error that a party fails to support with legal argument in her opening brief. Mellon v. Reg'l Tr. Servs. Corp., 182 Wn. App. 476, 486, 334 P.3d 1120 (2014) (citing Howell v. Spokane & Inland Empire Blood Bank, 117 Wn.2d 619, 624, 818 P.2d 1056 (1991); Fosbre v. State, 70 Wn.2d 578, 583, 424 P.2d 901 (1967); RAP 10.3.(a)(6)). "While an appellate court retains the discretion to consider an issue raised for the first time on appeal, such discretion is rarely exercised." Karlberg v. Otten, 167 Wn. App. 522, 531,

280 P.3d 1123 (2012) (citing Smith v. Shannon, 100 Wn.2d 26, 38, 666 P.2d 351 (1983)).

Jackson's failure to assign error to and argue against the court's decision for failure to state a claim on these issues, waives any argument as to those claims.

Constitutionality of the DTA

Jackson's complaint sought a declaratory judgment regarding the constitutionality of the DTA. In her argument before the trial court, Jackson specifically asserted that she was making arguments under the constitution and not the DTA.[5]

RCW 7.24.110 requires notification to the state attorney general when there is a constitutional challenge to state legislation. Jackson failed to notify the state attorney general. Dismissal of constitutional claims challenging the facial constitutionality of a state statute is appropriate where the state attorney general has not been notified. See Kendall v. Douglas, Grant, Lincoln, and Okanogan Counties Pub. Hosp. Dist. No. 6, 118 Wn.2d 1, 11-12, 820 P.2d 497 (1991) (service on the attorney general is mandatory and a prerequisite); Camp Fin., LLC v. Brazington, 133 Wn. App. 156, 160, 135 P.3d 946 (2006) (attorney general must be served when a party challenges the constitutionality of a statute). Jackson's attack on the constitutionality of the DTA is procedurally deficient, and thus, dismissal on that ground alone was appropriate.

---

[5] "We're not coming before you under the Deed of Trust Act. We're coming before you directly under the Constitution. We're saying the statute is unconstitutional. And even if it isn't unconstitutional, these folks can't bring an action because they haven't complied with those acts that are a necessary condition predicate to bringing an action under the DTA." Report of Proceedings (RP) (July 19, 2013) at 27-28.

Even if we were to consider the substance of Jackson's arguments, we disagree that the DTA is unconstitutional. Jackson argues that the DTA violates several Washington State constitutional provisions by "creating a trustee to exercise exclusive judicial power reserved to the superior court."[6] In particular, Jackson bases her arguments on article IV, section 6 and article II, section 1 of the Washington State Constitution. Those articles set forth the legislative powers and the jurisdiction of the superior courts.

Article IV, section 6 provides that "[t]he superior court shall have original jurisdiction in all cases at law which involve the title or possession of real property." Jackson relies on Klem v. Washington Mutual Bank, 176 Wn.2d 771, 295 P.3d 1179 (2013) as support for her theory that the nonjudicial foreclosure process involves a judicial inquiry. But Klem merely addressed the duties of a trustee and drew an analogy between judicial and nonjudicial foreclosure. Klem did not, as Jackson contends, elevate the DTA's process into a judicial one. Klem recognized the authority of a trustee when it noted that a "trustee in a nonjudicial foreclosure action has been vested with incredible power. Concomitant with that power is an obligation to both sides to do more than merely follow an unread statute and the beneficiary's directions." Klem, 176 Wn.2d at 791.

Moreover, a nonjudicial foreclosure is not made pursuant to a judgment but rather is one conducted under a power contained in a mortgage or a degree of foreclosure.[7] As such, it is made through an agreement between the grantor and

---

[6] Appellant's Opening Br. at 11 (emphasis omitted).
[7] "In short, a nonjudicial trustee sale is not a forced sale, because of its consensual nature. The nonjudicial trustee sale is not an execution sale, because there is no judgment involved. Thus, a homestead is not exempted from such a sale by RCW 6.12.090." Felton

the beneficiary of the deed of trust. The DTA does not divest the superior court of jurisdiction. Indeed, the superior court's constitutional grant of jurisdiction is preserved in specific portions of the DTA.[8] Until a party challenges the foreclosure, there is no judicial involvement. It is at that point that the superior's court's jurisdiction is invoked. See Felton, 101 Wn.2d at 422-23.

Jackson's argument that the legislature does not have the power to legislate regarding title and possession of real property is entwined with her argument that the constitution granted exclusive jurisdiction to the courts for all property concerns.[9] The DTA creates a method of mortgaging real property involving three parties: a grantor (borrower), a beneficiary (lender), and a trustee. See Bain v. Metro Mortg. Grp., Inc., 175 Wn.2d 83, 92-93, 285 P.3d 34 (2012); RCW 61.24.005.

The DTA was enacted by the legislature to further three objectives for the nonjudicial foreclosure process. It requires that the process (1) be efficient and inexpensive, (2) provide an adequate opportunity for interested parties to prevent wrongful foreclosure, and (3) promote the stability of land titles. Cox v. Helenius, 103 Wn.2d 383, 387, 693 P.2d 683 (1985). In Morrell v. Arctic Trading Co., Inc., 21 Wn. App. 302, 304, 584 P.2d 983 (1978), the court held that a trustee attempting

---

v. Citizens Fed. Sav. & Loan Ass'n of Seattle, 101 Wn.2d 416, 420, 424, 679 P.2d 928 (1984).

[8] See, e.g., RCW 61.24.130(1) (buyer has right to file action in superior court to restrain a trustee's sale); RCW 61.24.130(8)(j) (granting borrower power to initiate court action); RCW 61.24.040(2); RCW 61.24.090(2) (granting borrower right to request any court to determine reasonableness of fees).

[9] Several recent federal district courts have addressed and rejected Jackson's claims that the DTA is unconstitutional. Knecht v. Fidelity Nat'l Title Ins. Co., No. C12-1575RAJ, 2014 WL 4057148 (W.D. Wash. Aug. 14, 2014); Galyean v. Nw. Tr. Servs., Inc., No. C13-1359 MJP, 2014 WL 3360241 (W.D. Wash. July 9, 2014).

to notify an interested party of an impending foreclosure sale, was not obligated to search for an address when no address was found in the deed of trust documents. The purpose of strict notice requirements in a nonjudicial sale of property secured by trust deed is to inform persons with an interest in the property of the pending sale of the property, so that they may act to protect those interests. See also Kennebec, Inc. v. Bank of the West, 88 Wn.2d 718, 726, 565 P.2d 812 (1977) (holding that chapter 61.24 RCW as it existed prior to the 1975 amendments was passive state involvement and did not violate the due process clause of the Fourteenth Amendment or article I, section 3 of the Washington State Constitution). Here, there is no dispute that Jackson received notice.

The legislature had authority to enact the DTA and its enactment did not encroach upon the jurisdiction of the superior court.

Allegations of DTA Violations

Jackson asserts that the nonjudicial foreclosure violated the DTA. She argues that the trustee failed to comply with RCW 61.24.030(7)(a) because there was "[in]sufficient proof identifying the beneficiary and note owner prior to instigating this private sale."[10]

RCW 61.24.030(7)(a) provides that a "declaration by the beneficiary made under the penalty of perjury stating the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection."

---

[10] CP at 94 (emphasis omitted).

Jackson's complaint asserts that the investors are the note holders and entitled to her payments. But see Cashmere Valley Bank v. State, Dep't of Revenue, 181 Wn.2d 622, 634, 334 P.3d 1100, 1106 (2014) (investor has no interest in underlying mortgages and deeds of trust and is not a beneficiary of those instruments).

Furthermore, this court has recently addressed this particular issue in Trujillo v. Trustee Services, Inc., 181 Wn. App. 484, 496, 326 P.3d 768 (2014). There, we held that the beneficiary is the holder of the note and, further, a trustee may rely on a beneficiary's declaration as proof of the beneficiary's right to foreclose. In Lyons v. U.S. Bank National Ass'n, 181 Wn.2d 775, 789-90, 336 P.3d 1142 (2014), the Supreme Court held that the trustee was entitled to rely on the beneficiary declaration unless it has violated its duty of good faith. Since there was no allegation of bad faith here, the beneficiary declaration is sufficient.

Moreover, the Supreme Court recently held that in the absence of a foreclosure, no viable DTA claims remain. Frias v. Asset Foreclosure Servs., Inc. 181 Wn.2d 412, 428-30, 334 P.3d 529 (2014). Because there has been no foreclosure, Jackson has no claims for violations of the DTA. As discussed above, no remaining claims have been preserved for appeal.

The trial court is affirmed.

_Trickey, J_

WE CONCUR:

_Dwyer, J._          _Becker, J._

11