# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| PATRICK CUZDEY, an unmarried person, | ) ) ) | No. 75632-0-I |
| Appellant, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| PATRICIA LANDES, a widow; THE ESTATE OF BENNY J. LANDES, deceased; KARLA WALLEN, a married person, and any marital community interest; and all other persons claiming any right, title, or interest, etc., | ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondents. | ) ) ) | FILED: April 3, 2017 |

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2017 APR -3 AM 10: 45

MANN, J. — Patrick Cuzdey sued his former mother-in-law, Patricia Landes, seeking to quiet title to real property and a mobile home. Cuzdey's claim to title was based on an alleged 1984 oral conveyance by his in-laws, Benny and Patricia Landes. Cuzdey appeals the trial court's decision dismissing his quiet title action on summary judgment. Cuzdey also claims that the trial court abused its discretion in awarding attorney fees and costs pursuant to RCW 4.84.185. We affirm the dismissal of Cuzdey's claim to the real property because it is barred by the statute of frauds. But

because there is a genuine issue of fact, we reverse the trial court's dismissal of Cuzdey's quiet title claim to the mobile home. Because Cuzdey's action was not frivolous in its entirety, we vacate the trial court's award of attorney fees and costs under RCW 4.84.185.

## FACTS

In 1983, Benny and Patricia Landes purchased a five-acre parcel of undeveloped property southwest of Olympia, Washington (property). The Landeses then permitted and paid for the installation of a well, septic system, and electrical services to serve an older mobile home on the property. The Landeses' daughter, Karla, and her then husband, Patrick Cuzdey, moved into the mobile home in 1994. Cuzdey claims that pursuant to an oral agreement, the Landeses purchased the property for him and he agreed that he would repay the $10,000 debt through "physical labor, mechanical work, and construction work on their equipment."

In 1985, the Landeses obtained a loan and purchased a newer Nova Commodore mobile home (Nova) for the Cuzdeys to live in. The Nova was registered as a vehicle and taxed as personal property. Cuzdey claims the Landeses "agreed to sell it to [the Cuzdeys] for the same price [the Landeses] paid, which was $14,660.80 on the same installment terms." The Cuzdeys repaid the Landeses for the cost of the Nova by making monthly payments on the loan directly to the bank. The last payment on the loan was made in 2005 and the loan closed. The Cuzdeys also paid the personal property taxes for the Nova.

From 1984 to 1997, the Cuzdeys lived on the property alone. In 1996, however, the Landeses purchased, installed, and moved into a new Goldenwest double wide

-2-

manufactured home on the property. The Landeses purchased the Goldenwest home by mortgaging the property. In 1997, the Landeses eliminated the Department of Licensing title to the Goldenwest home, thereby converting it from personal property to real property. The value of the home was added to their real property tax parcel. Since their purchase of the property in 1983, the Landeses paid the real property taxes for the full property. From 1997 to the present, the property tax has included the value of the Goldenwest home.

Benny Landes died in 2001. Patricia Landes inherited her husband's interest in the property pursuant to a recorded community property agreement. Landes continued to live in the Goldenwest home and continued to pay property taxes for the entire property. Landes refinanced the property in 2001 and granted a deed of trust to Washington Mutual.

In May 2014, Karla and Patrick Cuzdey dissolved their marriage. The petition for dissolution and decree of dissolution identified and awarded only personal property. Neither the petition nor decree identified any real property. Karla (now Karla Wallen) moved off of the property. Patrick Cuzdey continued to reside in the Nova. In June 2014, Landes served Cuzdey with a notice to terminate tenancy on the real property.

In July 2014, Cuzdey filed an action to quiet title to the property pursuant to the claimed 1984 oral contract. Cuzdey claimed that the purchase price had been paid off with cash payment and work performed on the property and other real and personal property of the Landeses. Cuzdey's original complaint did not seek to quiet title to the Nova. In her answer, Landes admitted that Cuzdey and Wallen purchased and paid off

the Nova, but denied the existence of an oral contract for the real property. Cuzdey's second amended complaint added a claim to quiet title to the Nova.

The trial court dismissed Cuzdey's claims in their entirety on summary judgment. The court subsequently found Cuzdey's action "frivolous and advanced without reasonable cause it its entirety." The court awarded Landes $36,000 as reasonable attorney fees under RCW 4.84.185.

Cuzdey appeals the summary judgment order and the fee award.

ANALYSIS

I

Cuzdey argues first that the trial court erred in dismissing his quiet title action on summary judgment.[1] We disagree.

We review an order of summary judgment dismissal de novo and engage in the same inquiry as the trial court. Kut Suen Lui v. Essex Ins. Co., 185 Wn.2d 703, 709-10, 375 P.3d 596 (2016). Summary judgment is appropriate when the pleadings, declarations, depositions, and admissions on file demonstrate that there are no genuine issues of material fact that the moving party is entitled to judgment as a matter of law. CR 56(c); Bostain v. Food Exp., Inc., 159 Wn.2d 700, 708, 153 P.3d 846 (2007). Facts and reasonable inferences therefrom are viewed most favorably to the nonmoving party.

---

[1] Cuzdey's opening brief argued that (1) the statute of frauds did not bar his quiet title action because he presented evidence of part performance, (2) Landes waived the protections of the dead man's statute (which allowed Cuzdey to introduce declarations supporting his theory of an alleged oral contract), and (3) his quiet title action was not barred by a statute of limitations.

Cuzdey's reply brief raised arguments based on adverse possession, quantum meruit, constructive trust, and conversion, arguments that were not included in his opening brief. An appellate court will not consider a claim of error that a party fails to support with legal argument in his opening brief. Jackson v. Quality Loan Serv. Corp., 186 Wn. App. 838, 845, 347 P.3d 487 (2015). Cuzdey waived these arguments.

Bostain, 159 Wn.2d at 708. Where reasonable minds could reach but one conclusion from the admissible fact in evidence, summary judgment should be granted. Allen v. State, 118 Wn.2d 753, 760, 826 P.2d 200 (1992).

A

An oral agreement for the sale or transfer of real property violates the statute of frauds. The statue of frauds for real property states: "[e]very conveyance of real estate or any interest therein . . . shall be by deed." RCW 64.04.010. And "[e]very deed shall be in writing, signed by the party bound thereby, and acknowledged." RCW 64.04.020. Because Cuzdey's claim to the property is based on an alleged oral and unwritten agreement with the Landeses, it violates the statute of frauds.

Under the partial performance doctrine, however, an agreement to convey an estate in real property that violates the statute of frauds may be specifically enforced if there is sufficient part performance of the agreement. Berg v. Ting, 125 Wn.2d 544, 556, 886 P.2d 564 (1995). Partial performance removes a contract from the statute of frauds if a party can prove: "(1) delivery and assumption of actual and exclusive possession; (2) payment or tender of consideration; and (3) the making of permanent, substantial and valuable improvements, referable to the contract." Berg, 125 Wn.2d at 556 (citing Kruse v. Hemp, 121 Wn.2d 715, 724-25, 853 P.2d 1373 (1993)). The actions constituting part performance must "point unmistakably and exclusively to the existence of the claimed agreement." Miller v. McCamish, 78 Wn.2d 821, 826, 479 P.2d 919 (1971).

B

As a threshold matter, because Cuzdey seeks specific performance of a contract, he had the burden to prove "'by evidence that is clear and unequivocal and which leaves no doubt as to the terms, character, and existence of the contract.'" Berg, 125 Wn.2d at 556 (quoting Miller, 78 Wn.2d at 829.) If the acts point to some other relationship or can be accounted for by some other hypothesis, then they are not sufficient to prove the existence of the underlying contract. Miller, 78 Wn.2d at 829.

Our Supreme Court has outlined 13 material terms to a real estate contract. These terms are:

> (a) time and manner for transferring title, (b) procedure for declaring forfeiture, (c) allocation of risk with respect to damage or destruction, (d) insurance provisions, (e) responsibility for: (i) taxes, (ii) repairs, and (iii) water and utilities, (f) restrictions, if any, on: (i) capital improvements, (ii) liens, (iii) removal or replacement of personal property, and (iv) types of use, (g) time and place for monthly payments, and (h) indemnification provisions.

Sea-Van Investments Associates v. Hamilton, 125 Wn.2d 120, 128, 881 P.2d 1035 (1994); Kruse, 121 Wn.2d at 722; Hubbell v. Ward, 40 Wn.2d 779, 785, 246, P.2d 468 (1952).

The parties in Sea-Van, for example, exchanged correspondence concerning the sale of a parcel of property. While the correspondence agreed on the particular parcel and price, the writing did not agree on interest payments. The opening offer was for a 2-year note at 10 percent interest per year. The response offered a 2-year note at 10 percent per quarter. After one of the parties sued for specific performance, the trial court determined that there was no contract because there was no meeting of the minds on the terms of the promissory note, the terms of the deed of trust, the type of deed, the

-6-

time of closing, or the payment of taxes. Sea-Van, 125 Wn.2d at 123-125. The Court of Appeals reversed concluding that the difference in interest rates was de minimus and that other silences in the contract were nonessential terms. Sea-Van, 125 Wn.2d at 125. The Supreme Court agreed with the trial court that the exchange of correspondence did not demonstrate a meeting of the minds. The court also reiterated that its prior holdings in Kruse and Hubbell outlining the 13 material terms of a real estate contract remained valid law.

Here, unlike Sea-Van, there is no written evidence documenting any terms of a real estate contract. Instead, viewed in the light most favorable to Cuzdey, the Landeses and Cuzdey had an oral agreement on only three material terms: the price ($10,000), the parties, and the subject property. The material terms and conditions supporting the claimed contract are far from clear and unequivocal. For example, the first material term of a real estate contract is the time and manner for transferring title. Cuzdey testified that he "did not expect to receive title to the property right away." And further, that he understood that the Landeses "would transfer title at some point, and I was confident that I would get it eventually." This admission fails to satisfy the requirement that the contract identify the time and manner for transferring title. Sea-Van, 125 Wn.2d at 128. Nor did Cuzdey prove the timing or amount of payments, how his physical labor accrued toward the purchase price, the type of deed to be delivered, the closing date, or a procedure for declaring forfeiture.

Because Cuzdey failed to prove by clear and unequivocal evidence the material terms of the alleged real estate contract, his claim to quiet title under the alleged contract fails. Berg, 125 Wn.2d at 556.

-7-

C

But even if Cuzdey could prove the essential terms of a real estate contract, he still failed to demonstrate partial performance. There is a diversity of opinion of the relative importance of the three factors necessary to show partial performance. Berg, 125 Wn.2d at 557. The strongest case presents when all three factors are demonstrated. Berg, 125 Wn.2d at 557. Here, viewed in the light most favorable to Cuzdey, at best he can demonstrate that he did sufficient labor for the Landeses to justify consideration. But our Supreme Court has confirmed that "payment of the purchase price, in whole or in part, is not of itself a sufficient part performance to remove an oral agreement for the sale of land from the operation of the statute of frauds." Berg, 125 Wn.2d at 557 (citing Richardson v. Taylor Land & Livestock Co., 25 Wn.2d 518, 530, 171 P.2d 703 (1946). Cuzdey's labor alone is insufficient to demonstrate partial performance.

Cuzdey failed to demonstrate either of the other two elements necessary to prove part performance. First, Cuzdey failed to show "exclusive possession of the land." Berg, 125 Wn.2d at 566. Between 1984 and 1997, Cuzdey did not have exclusive possession: he lived on the property with his wife Karla–the Landeses' daughter. Then, in 1997, it is undisputed that the Landeses installed their Goldenwest home on the property. The Landeses then resided on the property until Benny's death in 2001. Patricia Landes continued to reside on the property until the present. Cuzdey never had exclusive possession of the real property.

Nor did Cuzdey demonstrate that he made "permanent, substantial and valuable improvements, referable to the contract." Berg, 125 Wn.2d at 556 (emphasis added).

Viewed in the light most favorable to Cuzdey, it appears that he performed clearing work, and at least helped build the outbuildings on the property. But the buildings were permitted and paid for by the Landeses. Other than his labor, Cuzdey offered no evidence that the Landeses were repaid for any of the outbuildings. More importantly, there is no evidence that the improvements were "referable to the contract." According to Cuzdey: "I purchased the property with the Landes' help, who loaned me the money for the initial purchase, and the agreement that I would repay the loan through physical labor, mechanical work, and construction work on their equipment." Cuzdey does not claim that the addition of outbuildings was a condition of, or referred to, in the contract.

Viewed in the light most favorable to Cuzdey, the evidence does not support Cuzdey's claim to the real property. The doctrine of partial performance neither removes Cuzdey's alleged oral contract for real property from the statute of frauds nor creates a contract for conveying real property. The trial court did not err when it granted summary judgment for Landes dismissing Cuzdey's action seeking to quiet title to the real property.

Because we affirm the trial court's dismissal on this ground, it is unnecessary to address Landes's other defenses including the Deadman's statute, statute of limitations, and laches.

II

Cuzdey argues second that the trial court erred in dismissing his claim to quiet title to the Nova. We agree.

In her answer to Cuzdey's amended complaint, Landes admitted that Cuzdey and Wallen paid off the loan for the Nova:

-9-

> [D]efendant admits that the purchase of the 1982 Commodore [Nova] mobile home by their daughter and the plaintiff has been paid off. This defendant admits that there were cash payments and work performed by the plaintiff toward the purchase of the [Nova] mobile home, but denies that there were any cash payments toward purchase of the real property.

In response, Cuzdey sought leave to file a second amended complaint. Cuzdey's second amended complaint sought to quiet title to both the real property and the Nova.

Summary judgment is appropriate only where the pleading and other evidence on file demonstrate that there are no genuine issues of material fact. Based on the pleadings on file, because there is at least a material question of fact over title to the Nova, the trial court erred in dismissing Cuzdey's second amended complaint in its entirety. Title to the Nova remains unresolved.

## III

Cuzdey next assigns error to the trial court's award of attorney fees to Landes under RCW 4.84.185, arguing that his action was not frivolous in its entirety because there was merit to his claim to title to the Nova. We agree.

We review a trial court's decision under RCW 4.84.185 for an abuse of discretion. Alexander v. Sanford, 181 Wn. App. 135, 184, 325 P.3d 341 (2014). RCW 4.84.185 permits a trial court to award attorney fees to the prevailing party if the nonprevailing party's action was frivolous. RCW 4.84.185 reads, in pertinent part, "In any civil action, the court . . . may, upon written findings by the judge that the action . . . was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action." "A frivolous action is one that cannot be supported by any rational argument on the law or facts." Alexander, 181 Wn. App. at 184. The

-10-

lawsuit must be frivolous in its entirety and "advanced without reasonable cause." Alexander, 181 Wn. App. at 184 (citing N. Coast Elec. Co. v Selig, 136 Wn. App. 636, 650, 151 P.3d 211 (2007)).

Here, Cuzdey's quiet title action included a claim to both the Nova and the real property. The quiet title claim to the Nova was advanced with reasonable cause: Landes admitted in her amended answer that Cuzdey and Wallen paid off the loan for the Nova. Because Cuzdey's quiet title action was not frivolous in its entirety, the court erred when it awarded attorney fees to Landes under RCW 4.84.185.

IV

Landes requests fees on appeal under RAP 18.1, RAP 18.9, and RCW 4.84.185. RAP 18.1(b) requires a party seeking fees on appeal to devote a section of its brief to its request for appellate fees. RAP 18.1(b) requires more than a bald assertion. Because Landes failed to present argument in support of her fee request, we deny the request. Gardner v. First Heritage Bank, 175 Wn. App. 650, 677, 303 P.3d 1065 (2013); Thweatt v. Hommel, 67 Wn. App. 135, 148, 834 P.2d 1058 (1992). Further, because we reverse the trial court's fee award under RCW 4.84.185, we also deny fees under RCW 4.84.185 on appeal.

## CONCLUSION

We affirm the trial court's grant of summary judgment as to Cuzdey's claim to the real property. We reverse the court's decision dismissing Cuzdey's claim to the Nova and remand for a determination of Cuzdey's action to quiet title to the Nova. We vacate the trial court's order assessing attorney fees against Cuzdey.

Mann, J.

WE CONCUR:

Dwyer, J.

COX, J.