# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Estate of:<br><br>LEEANNA RUTH MICKELSON, | No. 56745-8-II<br><br>ORDER CORRECTING OPINION |

Appellant moves for this court to correct a clerical error in the January 10, 2023, unpublished opinion in the above entitled matter. Upon consideration, the Court grants the motion in part. Accordingly, it is

**ORDERED** that "Leanna" is corrected to "Leeanna" throughout the opinion.

**PANEL:** Jj. LEE, VELJACIC, PRICE

**FOR THE COURT:**

_____
PRICE, J.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Estate of:<br><br>LEEANNA RUTH MICKELSON,<br><br>          Deceased. | No. 56745-8-II<br><br>UNPUBLISHED OPINION |

PRICE, J. — Heather Benedict appeals the superior court's order dismissing her petition for adjudication of intestacy of the estate of her late mother, Leanna Ruth Mickelson.[1] Because the courts have resolved the issue related to adjudication in multiple prior litigations, the superior court did not abuse its discretion in dismissing Benedict's petition. We affirm.

## FACTS

In 2016, Benedict appeared pro se before the superior court to file a petition for adjudication of intestacy and heirship. *In re Estate of Mickelson*, No. 49056-1-II, slip op. at 2 (Wash. Ct. App. Oct. 24, 2017) (unpublished).[2] Benedict's father, James Mickelson, filed a motion to dismiss the petition because a community property agreement had been executed with Leanna, which immediately vested all identified property in him as the surviving spouse. *Id*. at 4. The superior court ruled that the community property agreement controlled and, therefore, there was no basis to open a probate. *Id*. at 5. Benedict appealed and this court affirmed the superior court's order dismissing her petition. *Id*. at 6, 12.

---

[1] Because Leanna has the same last name as James Mickelson, we use Leanna's first name to avoid confusion. No disrespect is intended.

[2] https://www.courts.wa.gov/opinions/pdf/D2%2049056-1-II%20Unpublished%20Opinion.pdf.

No. 56745-8-II

Since attempting to open a probate in 2016, Benedict has pursued multiple lawsuits related to her mother's estate.[3] Benedict's actions have consistently been dismissed, and courts have often imposed sanctions against her for frivolous filings and vexatious litigation. *See, e.g., Benedict v. Mickelson*, No. 54775-9, slip op. at 10 (Wash. Ct. App. July 19, 2022) (unpublished) (affirming superior court's award of sanctions because the "current lawsuit is part of Benedict's pattern of vexatious and frivolous litigation activities designed to inherit her mother's estate even though her parents have a valid [community property agreement]");[4] *In re Estate of Mickelson*, No. 80893-1-I, slip op. at 4 (Wash. Ct. App. Apr. 19, 2021) (awarding sanctions because "Benedict has continued to file frivolous appeals despite numerous warnings that her claims lack merit");[5] *In re Estate of Mickelson*, No. 76955-3-I, slip op. at 6-7 (Wash. Ct. App. Sept. 24, 2018) (agreeing sanctions were warranted because Benedict "has proceeded despite repeated warnings that her claims lack merit and that she should consult with an attorney before taking further actions").[6]

---

[3] *See Benedict v. Kitsap Bank*, No. 54483-1-II (Wash. Ct. App. July 26, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2054483-1-II%20Unpublished%20Opinion.pdf; *Benedict v. Mickelson, No. 54775-9-II (Wash. Ct. App. July 19, 2022) (unpublished),* https://www.courts.wa.gov/opinions/pdf/D2%2054775-9-II%20Unpublished%20Opinion.pdf*; In re Estate of Mickelson*, No 80893-1-I (Wash. Ct. App. Apr. 19, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/808931.pdf; *Mickelson v. McArthur*, No. 52485-6-II (Wash. Ct. App. June 9, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2052485-6-II%20Unpublished%20Opinion.pdf; *In re Estate of Mickelson*, No. 76955-3-I (Wash. Ct. App. Sept. 24, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/769553.pdf; *In re Estate of Mickelson*, No. 49056-1-II (Wash. Ct. App. Oct. 24, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2049056-1-II%20Unpublished%20Opinion.pdf.

[4] https://www.courts.wa.gov/opinions/pdf/D2%2054775-9-II%20Unpublished%20Opinion.pdf.

[5] https://www.courts.wa.gov/opinions/pdf/808931.pdf.

[6] https://www.courts.wa.gov/opinions/pdf/769553.pdf.

On October 12, 2021, Benedict filed another petition for adjudication of intestacy and heirship. Mickelson filed a motion to dismiss the petition under CR 12(b)(6). On February 1, 2022, the superior court dismissed Benedict's petition finding that it had been well-established that the community property agreement controlled distribution of Leanna's estate after her death. The superior court also found that Benedict's petition was "a frivolous lawsuit, not well-grounded in fact or law or any reasonable interpretation of fact or law, and filed for the sole purpose of harassing [Mickelson] by increasing his fees and costs." Notice of Appeal at 10. The superior court imposed sanctions against Benedict. Benedict filed a motion for reconsideration, which was denied.

Benedict appeals.

ANALYSIS

Benedict argues that the superior court's finding of facts were not supported by evidence in the record and argues that the superior court misapplied the law of the case.[7] We disagree.

---

[7] We note there appears to have been some confusion regarding the briefing in this case. After Benedict filed her opening brief on June 16, 2022, Mickelson's attorney filed motions to strike Benedict's brief, for an extension of time, or to dismiss Benedict's appeal. Respondent Mickelson's Motion for Extension of Time to File Initial Opening Brief at 1 (Aug. 1, 2022). This filing was mistakenly identified as a Respondent's Brief. When the mistake was identified, a commissioner of this court ruled on Mickelson's motions and set a briefing schedule. Ruling (Oct. 19, 2022). Benedict filed a motion for reconsideration and a motion to modify, arguing that Mickelson should not get a second chance to file a respondent's brief. Motion for Reconsideration on October 19, 2022, Ruling (Oct. 24, 2022); Appellant's Motion to Modify Commissioner's Ruling (Oct. 31, 2022). Because Mickelson had not yet filed a respondent's brief, but instead filed a set of motions that were mistakenly identified as a respondent's brief, Mickelson did not get a second chance to file a respondent's brief. Accordingly, Benedict's motions for reconsideration and to modify the commissioner's ruling were denied. Ruling (Nov. 1, 2022); Order Denying Motion to Modify (November 18, 2022). We received and reviewed Benedict's reply brief on December 12, 2022.

We also received a filing from Benedict asking that we take judicial notice of facts concerning a Pierce County Ethics Commissioner Complaint. Judicial Notice of Related Complaint (Dec. 12,

Courts may dismiss a complaint under CR 12(b)(6) for "failure to state a claim upon which relief can be granted." Dismissal is appropriate if no set of facts consistent with the complaint would entitle the plaintiff to relief. *Jackson v. Quality Loan Serv. Corp. of Wash.*, 186 Wn. App. 838, 843, 347 P.3d 487 (2015), *review denied*, 184 Wn.2d 1011. We review a trial court's decision to dismiss under CR 12(b)(6) de novo. *San Juan County v. No New Gas Tax*, 160 Wn.2d 141, 164, 157 P.3d 831 (2007).

Here, Benedict has again attempted to open a probate of her mother's estate and obtain an order establishing intestacy and designating her an heir. As we have stated on numerous occasions, the community property agreement between Mickelson and Leanna was a will substitute that requires no court administration. *See e.g., Benedict*, No. 54775-9-II, slip op. at 2 n.3 (citing *Wilkes v. O'Bryan*, 98 Wn. App. 411, 414-15, 989 P.2d 594 (1999)). Therefore, there are no grounds that would entitle Benedict to the relief that she seeks. Accordingly, the superior court did not err by granting Mickelson's CR 12(b)(6) motion to dismiss.

Benedict's arguments to the contrary are unpersuasive. First, Benedict argues that the superior court improperly relied on evidence not in the record because the community property agreement was not entered into evidence. However, the superior court's order was not based on the community property agreement, but rather on our opinion affirming the dismissal of her 2016 petition and other appeals. Therefore, the superior court did not improperly make factual findings unsupported by evidence.

---

2022). These facts are unrelated and irrelevant to the decision before us on appeal. Accordingly, we do not consider them further.

Second, Benedict argues that the superior court misapplied the law of the case. Benedict asserts that, in the 2016 action, a commissioner signed an order stating that her mother died intestate. She claims that because a will has never been produced, that order is the law of the case because it was the first filed probate action and required the superior court to grant her petition in this case. But even if such an order had been signed, that order would have been ultimately reversed when the probate action was dismissed and this court affirmed dismissal on appeal. *See Estate of Mickelson*, No. 49056-1-II, slip op. at 2-4, 7 (explaining that Benedict presented an order of intestacy to a court commissioner when she initially filed her 2016 petition, and although she alleges the superior court signed the order, the order was not entered and further superior court judges repeatedly refused to sign the orders she attempted to present prior to the petition being dismissed). Benedict cannot point to a final order or judgment to support her "law of the case" claim. The superior court properly relied on the final outcome of the 2016 petition, specifically, the dismissal of the petition affirmed on appeal. *Id*. at 12.

The superior court properly granted Mickelson's motion to dismiss her 2021 petition seeking an adjudication of intestacy and heirship. We affirm.

No. 56745-8-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

LEE, P.J.

VELJACIC, J.