# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MATTHIJS VAN LEEUWEN,<br><br>           Appellant,<br><br>           v.<br><br>JESSICA ENRIQUEZ VINDIOLA, an individual, and THE OFFICE OF THE GOVERNOR FOR WASHINGTON STATE,<br><br>           Defendants,<br><br>CITY OF BURIEN, a local municipal entity, BURIEN CARES (Community Animal Resource and Educational Society), a non-profit 503(c) corporation,<br><br>           Respondents. | No. 86757-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Matthijs van Leeuwen brought negligence claims against the City of Burien (City) and Burien Community Animal Resource and Educational Society (Burien Cares), arising out of injuries he and his dog sustained from another dog at a Burien park. The superior court dismissed the City and Burien Cares on their respective CR 12(b)(6) motions for failure to state a claim, concluding Van Leeuwen's complaint did not support any hypothetical facts that could establish an exception to the public duty doctrine's barring negligence claims against municipalities. On appeal, Van Leeuwen argues the public duty doctrine does not apply and the court erred in denying him leave to amend. We affirm.

I

Because we are reviewing a CR 12(b)(6) motion to dismiss for failure to state a claim, we accept the factual allegations contained in Van Leeuwen's complaint as true. Jackson v. Quality Loan Serv. Corp., 186 Wn. App 838, 843-44, 347 P.3d 487 (2015).

In a Burien park, Victoria Vindiola's dog injured Van Leeuwen by biting his forehead after Van Leeuwen stopped a fight between her dog and his dog. Van Leeuwen's injuries required three surgeries for skin grafts, and his dog's injuries required two surgeries. According to Van Leeuwen, Burien Cares later impounded Vindiola's dog but released it the next day and called Van Leeuwen to inform him should he encounter it again. After another visit to the park a few months later where Van Leeuwen encountered another dog off leash, Van Leeuwen wrote to the City, which did not respond.

Van Leeuwen brought negligence claims against the City and Burien Cares.[1] Van Leeuwen claimed the City failed to use ordinary care by failing to display signs indicating dangerous dogs were in the park. He claimed Burien Cares failed to classify and confiscated a potentially dangerous dog.

The City and Burien Cares both moved to dismiss for failure to state a claim. The City argued Van Leeuwen failed to allege any duty the City owed him as opposed to the public. Burien Cares argued that Van Leeuwen similarly alleged

---

[1] Van Leeuwen's claims against Vindiola and the Governor's Office have been dismissed, and Van Leeuwen does not seek review of those decisions.

no duty owed to him by Burien Cares to prevent the attack and that Burien Cares's claimed act of negligence happened after Vindiola's dog attacked Van Leeuwen.

Van Leeuwen argued both the failure to enforce and special relationship exceptions to the public duty doctrine applied. He also argued a common law duty of reasonable care applied because the City had known about people using the park for off leash dog activities. Van Leeuwen moved to amend his complaint to add new facts: Burien Cares had previously tried to confiscate his dog; he and his dog had been attacked by another dog in their neighborhood, and Burien Cares followed up on the attack once but concluded no dog or owner lived at the reported address; and a few years before the attack, a Burien councilmember reminded Burien Cares the park needed to be patrolled to enforce the leash laws.

The court dismissed Van Leeuwen's claim against the City and Burien Cares, concluding his claims were barred by the public duty doctrine and he had shown no exceptions. The court denied his motion to amend his complaint.

After both parties were dismissed, Van Leeuwen filed a proposed amended complaint to add public and private nuisance claims against both parties. He also unsuccessfully moved for reconsideration.

Van Leeuwen appeals.

II

We review rulings on CR 12(b)(6) motions de novo. Tavaglione v. Dehkhoda & Qadri, PC, 34 Wn. App. 2d 515, 519, 568 P.3d 1158 (2025). The purpose of a CR 12(b)(6) motion is to "determine if a plaintiff can prove any set of facts that would justify relief." P.E. Sys., LLC v. CPI Corp., 176 Wn.2d 198, 203,

3

289 P.3d 638 (2012). "Under CR 12(b)(6), dismissal is appropriate only when it appears beyond doubt that the claimant can prove no set of facts, consistent with the complaint, which would justify recovery." San Juan County v. No New Gas Tax, 160 Wn.2d 141, 164, 157 P.3d 831 (2007). " '[A]ny hypothetical situation conceivably raised by the complaint defeats a CR 12(b)(6) motion if it is legally sufficient to support the plaintiff's claim.' " Jackson, 186 Wn. App at 843 (alteration in original) (quoting Bravo v. Dolsen Cos., 125 Wn.2d 745, 756, 888 P.2d 147 (1995)).

A

Van Leeuwen argues the superior court erred in dismissing his complaint because the City owed a common law duty to enforce leash laws and because the public duty doctrine does not apply to delegated contractual duties owed by the City.[2] "Municipal corporations are liable for damages arising out of their tortious conduct, or the tortious conduct of their employees, to the same extent as if they were a private person or corporation." Munich v. Skagit Emergency Commc'n Ctr., 175 Wn.2d 871, 878, 288 P.3d 328 (2012) (citing RCW 4.96.010(1)). "When the defendant in a negligence action is a governmental entity, the public duty doctrine provides that a plaintiff must show the duty breached was owed to [them] in particular, and was not the breach of an obligation to the public in general, i.e., a duty owed to all is a duty owed to none." Id. The public duty doctrine does not

---

[2] On reply, Van Leeuwen argues landowners have a common law duty and therefore the City has a duty as owner of the park. We do not consider arguments raised for the first time in reply. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

apply to common law negligence claims.  Norg v. City of Seattle, 200 Wn.2d 749, 759, 522 P.3d 580 (2023).  Van Leeuwen states the City's negligent act was a "failure to inform the public" and "failure to properly warn the public" about dangerous dogs off leash in the park.  Other than noting generally applicable code provisions concerning off leash dogs, Van Leeuwen does not demonstrate that the City owed him a duty of care to place specific warnings about the possibility of dangerous dogs in the park.

Van Leeuwen argues the City's failure to enforce leash laws constitutes a "failure to enforce" exception to the public duty doctrine.  "[A] government's obligation to the general public becomes a legal duty owed to the plaintiff when (1) government agents who are responsible for enforcing statutory requirements actually know of a statutory violation, (2) the government agents have a statutory duty to take corrective action but fail to do so, and (3) the plaintiff is within the class the statute intended to protect."  Gorman v. Pierce County, 176 Wn. App. 63, 77, 307 P.3d 795 (2013).  Former Burien Municipal Code 6.05.300 (2010) adopted former King County Code 11.04.170 (2010), which provided, "The manager of the regional animal services section and the animal care and control officers *are authorized* to take such lawful action *as may be* required to enforce" animal control. King County Ordinance 16861, § 26 (June 21, 2010) (emphasis added).  The statute's language does not show Burien has a statutory duty to enforce leash laws that would fall within the failure to enforce exception.

Van Leeuwen's contention that contracting out animal control precludes the City from asserting a public duty doctrine exemption misunderstands the special

5

relationship exception of the doctrine. A special relationship can impose an actionable duty on the government when " '(1) there is a direct contact or privity between the public official and the injured plaintiff which sets the latter apart from the general public, and (2) there are express assurances given by a public official, which (3) gives rise to justifiable reliance on the part of the plaintiff.' " Cummins v. Lewis County, 156 Wn.2d 844, 854, 133 P.3d 458 (2006) (internal quotation marks omitted) (quoting Beal v. City of Seattle, 134 Wn.2d 769, 785, 954 P.2d 237 (1998)). Van Leeuwen's complaint states he contacted the City after the fact to inform it about the dangers of off leash dogs, but he does not identify any city official he had direct contact with before the attack to meet any of the requirements of a special relationship.

B

Van Leeuwen argues the public duty doctrine does not apply to private contractors like Burien Cares and that even if it does, it does not preclude claims against a private contractor based upon affirmative acts. Where a city has contracted its government function of animal control to a private organization, the organization may benefit from the public duty doctrine. Champagne v. Spokane Humane Soc'y, 47 Wn. App. 887, 893, 737 P.2d 1279 (1987). Here, the City has contracted for animal enforcement with Burien Cares and Van Leeuwen does not identify a duty Burien Cares owes to him as an individual rather than as a member of the public.

Van Leeuwen argues Burien Cares's release of Vindiola's dog after capturing it constitutes an affirmative act that precludes application of the public

6

duty doctrine. While "an enumerated exception is not always necessary to find that a duty is owed to an individual and not to the public at large," Beltran-Serrano v. City of Tacoma, 193 Wn.2d 537, 549, 442 P.3d 608 (2019), the public duty doctrine essentially asks "whether the government owes a duty to particular individuals." Ehrhart v. King County, 195 Wn.2d 388, 400, 460 P.3d 612 (2020). In regard to the postincident release of the dog that attacked him, Van Leeuwen does not adequately plead Burien Cares owed him any specific duty of care that was distinct from a duty owed to the public.

Van Leeuwen argues Burien Cares's releasing Vindiola's dog creates a special relationship because he is a foreseeable victim of a known hazard in a public space. Unlike Gorman, where before the attack individuals had contacted animal control several times about the dog in question, 176 Wn. App. at 70-71, Van Leeuwen's complaint does not adequately plead a theory where Van Leeuwen—or any of the park's neighboring residents—complained to Burien Cares about Vindiola's dog's dangerous behavior before the attack or that he was injured by her dog after its release. And he otherwise fails to show a special relationship.

III

Van Leeuwen argues the superior court erred in denying his motion for leave to amend to add a nuisance claim against the City and Burien Cares. We disagree.

We review a trial court's denial of a motion to amend a pleading under a " 'manifest abuse of discretion' " standard. Herron v. Trib. Publ'g Co., 108 Wn.2d

7

162, 165, 736 P.2d 249 (1987) (quoting Del Guzzi Constr. Co. v. Glob. Nw., Ltd., 105 Wn.2d 878, 719 P.2d 120 (1986); Caruso v. Loc. Union 690 of Int'l Bhd. of Teamsters, 100 Wn.2d 343, 351, 670 P.2d 240 (1983)). "The trial court's decision 'will not be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.' " Wilson v. Horsley, 137 Wn.2d 500, 505, 974 P.2d 316 (1999) (quoting State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). "Denying a motion for leave to amend is not an abuse of discretion if the proposed amendment is futile." Rodriguez v. Loudeye Corp., 144 Wn. App. 709, 729, 189 P.3d 168 (2008).

Here, the superior court did not err in denying Van Leeuwen leave to amend his complaint to add nuisance claims against Burien Cares. Van Leeuwen posited in his second proposed amended complaint that Burien Cares created a public and private nuisance by releasing back to the public dangerous dogs known to attack others. "An unreasonable interference with another's use and enjoyment of property constitutes a nuisance." McDonald v. Stern, 27 Wn. App. 2d 479, 492, 536 P.3d 671 (2023), review denied, 2 Wn.3d 1019, 542 P.3d 574 (2024), cert. denied, 145 S. Ct. 170, 220 L. Ed. 2d 28 (2024). A public nuisance is that which "affects equally the rights of an entire community or neighborhood, although the extent of the damage may be unequal." RCW 7.48.130. "A private person may have a claim for public nuisance where they can demonstrate that the nuisance is specially injurious to themselves, but not otherwise." Animal Legal Def. Fund v.

8

Olympic Game Farm, Inc., 1 Wn.3d 925, 930, 533 P.3d 1170 (2023) (citing RCW 7.48.210).

Citing Restatement (Second) of Torts § 821B (A.L.I. 1979), Van Leeuwen argues Burien Cares's release of dangerous dogs is a public nuisance because it is an unreasonable interference with a public right. Washington has expressly adopted a public nuisance standard that requires statutory violations to rise to an actual nuisance, which the Restatement does not require. Animal Legal Def. Fund, 1 Wn.3d at 936-37. Even if Washington had adopted § 821B, under that standard the interference with the public right must be so unreasonable that it would constitute a criminal offense. RESTATEMENT (SECOND) OF TORTS, § 821 cmt. b. Van Leeuwen's second proposed amended complaint indicates one Burien city council member reminding Burien Cares to patrol the Park to enforce leash laws and one other incident where his dog was attacked by another dog on the street prior to the attack that caused his injuries. The complaint does not adequately plead actions rising to the level required to constitute a nuisance under the Restatement.

Affirmed.

_____
Birk, J.

WE CONCUR:

_____   _____
Coburn, J.                Mann, J.