IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JOHN SCANNELL,<br><br>               Appellant,<br><br>    v.<br><br>SCORE JAIL, CITY OF DES MOINES,<br>CITY OF RENTON, CITY OF<br>AUBURN, CITY OF BURIEN, CITY OF<br>SEATAC, CITY OF TUKWILA, SCORE<br>EXECUTIVE DIRECTOR DEVON<br>SCHRUM, CAPTAIN ERVIN,<br>OFFICER RESPARADO, JOHN AND<br>JANE DOES 1-20,<br><br>               Respondents. | No. 85965-0-I<br><br>DIVISION ONE<br><br><br><br>UNPUBLISHED OPINION |

BOWMAN, J. — John Scannell, a disbarred Washington State attorney, petitioned for a writ of mandamus directing the South Correctional Entity (SCORE Jail) to provide him attorney-client access to an inmate. The trial court dismissed the writ under CR 12(b)(6). Scannell appeals the trial court's orders dismissing his petition and denying his motion for reconsideration. Because Scannell is not licensed to practice law in the state of Washington, we affirm.

FACTS

Scannell is a former practicing lawyer in Washington State. The Washington State Bar Association (WSBA) disbarred Scannell in 2010.[1] The

---

[1] On appeal, our Supreme Court upheld the WSBA disciplinary board's unanimous decision to disbar Scannell. *In re Disciplinary Proceeding Against Scannell*, 169 Wn.2d 723, 239 P.3d 332 (2010).

WSBA has not reinstated his right to practice law in this state. But Scannell remains licensed to practice law in the Ninth Circuit Court of Appeals.

On March 12, 2019, the city of Des Moines charged Jessica Berner with domestic violence assault in the fourth degree in municipal court. The trial court appointed Berner an attorney, and on April 9, 2019, the parties entered a 36-month "Stipulated Order of Continuance" (SOC). The SOC imposed several conditions for Berner to remain out of jail, including mental health and substance use treatment. But Berner struggled to comply with the terms of the agreement for years. So, on June 16, 2022, the trial court revoked Berner's SOC. And on August 11, 2022, the court sentenced her to serve 117 days at the SCORE Jail.

Berner appealed her conviction to the King County Superior Court on September 13, 2022. Again, the trial court appointed Berner an attorney to represent her on appeal. Despite having court appointed-attorneys, Berner sought counsel from Scannell throughout her municipal and superior court cases, describing him as her "Ninth Circuit Court of Appeals attorney." While Berner's appeal was pending in the superior court, Scannell requested attorney-client visits with Berner at the SCORE Jail. The jail refused Scannell access to Berner as her attorney but approved him as a public visitor.[2]

Scannell petitioned for a writ of mandamus in King County Superior Court.[3] He sought an order directing SCORE "to provide access to his clients,

---

[2] The SCORE Jail gives attorney-client visits privacy. But it audio records public visits.

[3] Scannell named as defendants the SCORE Jail, the city of Des Moines, the city of Renton, the city of Burien, the city of SeaTac, the city of Tukwila, SCORE Jail Executive Director Devon Schrum, Captain Ervin, Officer Resparado, and John and Jane Does 1-20. We refer to the defendants collectively as "SCORE."

including, but not limited to Jessica Berner, so that Scannell's clients can exercise their state right to counsel." Scannell also sought a temporary restraining order and an injunction against the defendants "preventing them from listening in on his conversations [and] seizing documents relating to Jessica Berner's legal actions that are pending against her." Finally, he requested a declaratory judgment that SCORE

> denied the petitioner's client her Washington State constitutional right to effective assistance of counsel, and her Washington State constitutional right to lower or no bail, and Washington State's constitutional right to due process of law of a right to appeal because of their abject refusal to allow Scannell to visit her in jail.

On August 11, 2023, SCORE moved to dismiss the petition under CR 12(b)(6). Scannell opposed the motion, arguing that he is an attorney licensed to practice before the Ninth Circuit, and that Washington has no authority to prevent him from practicing in that court. On September 8, 2023, the trial court granted SCORE's motion to dismiss. Scannell moved for reconsideration, which the trial court denied.

Scannell appeals.

ANALYSIS

Scannell argues that the superior court erred by dismissing his petition under CR 12(b)(6) because he need not be a member of the WSBA to counsel Berner on her state court cases. We disagree.

We review de novo an order granting a CR 12(b)(6) motion to dismiss. *Jackson v. Quality Loan Serv. Corp.*, 186 Wn. App. 838, 843, 347 P.3d 487 (2015). "Dismissal under CR 12(b)(6) is appropriate in those cases where the

3

plaintiff cannot prove any set of facts consistent with the complaint that would entitle the plaintiff to relief."[4]  *Id.*  In considering a motion to dismiss under CR 12(b)(6), we presume all facts alleged in the complaint are true.  *Rodriguez v. Loudeye Corp.*, 144 Wn. App. 709, 717, 189 P.3d 168 (2008).  Even a hypothetical situation "conceivably raised by the complaint defeats a [CR] 12(b)(6) motion," but it must be "legally sufficient to support [the] plaintiff's claim." *Halvorson v. Dahl*, 89 Wn.2d 673, 674, 574 P.2d 1190 (1978).  If a plaintiff's claim is legally insufficient, even under proffered hypothetical facts, dismissal is appropriate.  *Gorman v. Garlock, Inc.*, 155 Wn.2d 198, 215, 118 P.3d 311 (2005).

A person cannot practice law in the state of Washington unless they have "passed an examination for admission" to, and are "an active member of," the WSBA.  APR 1(b); RCW 2.48.170.  The person must also be admitted to practice by order of the Washington Supreme Court.  APR 1(b).[5]  To protect the public, it is unlawful for an unlicensed person to practice law in Washington.  *Wash. State Bar Ass'n v. Great W. Union Fed. Savs. & Loan Ass'n*, 91 Wn.2d 48, 56, 586 P.2d 870 (1978); *State v. Hunt*, 75 Wn. App. 795, 803, 880 P.2d 96 (1994).  The "practice of law" includes "legal advice and counsel."  *Great W. Union*, 91 Wn.2d at 54.  Disbarred attorneys cannot practice law "after the effective date of the disbarment" and must take steps to "avoid any reasonable likelihood that anyone

---

[4] A court may dismiss a petitioner's claim under CR 12(b)(6) for "failure to state a claim upon which relief can be granted."

[5] Similarly, RCW 2.48.180(1)(a) defines "legal provider" as "an active member in good standing of the state bar," or someone who has been "authorized by the Washington [S]tate [S]upreme [C]ourt to engage in full or limited practice of law."  A "nonlawyer" is "a person who is not an active member in good standing of the [WSBA], including persons who are disbarred or suspended from membership."  RCW 2.48.180(1)(b).

will rely on them as a lawyer." ELC 14.2(a). A disbarred attorney cannot resume practicing law unless they have completed a reinstatement process. *See* APR 25.1.

Here, the parties agree that Scannell is a disbarred lawyer and that neither the WSBA nor the Supreme Court have reinstated him to practice law in Washington. As a result, Scannell cannot provide legal advice or counsel to clients on legal matters in the state. Because Scannell cannot lawfully provide legal services to Berner for her state court cases, he is not entitled to attorney access to her at the SCORE Jail.[6]

Still, Scannell contends that he has a right to access Berner as her attorney because he is licensed to practice law in the Ninth Circuit Court of Appeals. According to Scannell, "it is up to the federal courts, not the state courts or governments, to establish under what conditions an attorney can practice in federal courts." But Berner's case is pending in King County Superior Court, not the Ninth Circuit Court of Appeals. And Scannell seeks attorney access to counsel Berner about her state case. Because Scannell is not licensed to practice law in the state of Washington, he has no right to privately counsel Berner on her state case or access her as an attorney.

---

[6] Scannell argues that the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution give him the right "to consult with [Berner] in private." But both clauses afford protection to the accused, not their attorneys. *See State v. Medlock*, 86 Wn. App. 89, 98, 935 P.2d 693 (1997). Scannell also argues that SCORE Jail personnel harassed Berner, prevented her from getting effective assistance of counsel, "forc[ed] her to defend herself without aid of counsel," "jail[ed] her with excessive bail in violation of Washington's constitution," and "encourage[d] harassment and unwarranted discipline by guards and other prisoners." But again, because Scannell cannot lawfully provide legal services to Berner, he cannot bring claims on her behalf. So, we do not address those claims.

We affirm the superior court's dismissal of Scannell's petition under CR 12(b)(6) for failure to state a claim on which the court can grant relief.

Brennan, J

WE CONCUR:

Chung, J.

Dwyer, J.