# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THOMAS REGER, an individual,<br><br>Appellant,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>Respondent. | No. 88074-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Thomas Reger appeals from the superior court's order dismissing his complaint against Amazon.com Services LLC for violation of the Consumer Protection Act (CPA), chapter 19.86 RCW. Reger asserts that his complaint alleges multiple facts supporting the elements of his CPA claim and Amazon's actions are not immunized by the Communications Decency Act, 47 U.S.C. § 230. We affirm.

I

On or about November 10, 2024, Reger purchased a " 'Leviton 50 Amp EV [electric vehicle] Charging Outlet, Heavy Duty, 1450R' " for $51.99 on Amazon.com. Reger believed that the product was sold by Amazon due to the "Prime" designation on the product page and the packaging. Upon delivery, Reger discovered that the product delivered was not the advertised " '1450R' " but a model " '279- S00,' " which retails for $10.17. The original stock keeping unit (SKU) code was covered with a sticker relabeling the item as 1450R.

On December 5, 2024, Reger served Amazon with a complaint alleging a violation of the CPA and requesting injunctive and declaratory relief. The original complaint was never filed. Reger then filed a motion for a temporary restraining order asking the court to order Amazon to remove the 279-S00 from all search results for "EV charging outlets" and notify all purchasers that the 279-S00 is not recommended for EV charging. After Amazon pointed out that Reger had yet to file a complaint in superior court, Reger submitted his first amended complaint.

In his first amended complaint, Reger alleged that he had ordered the product from third-party reseller Church's Deals and Savings, but that Amazon directed Church's to cover the original universal product code (UPC). Reger also alleged that Amazon was marketing the Leviton 279 and 279-S00 as appropriate for electric vehicle charging when it is not safe to use for that purpose. Reger additionally alleged that Amazon was deleting or suppressing negative customer reviews and using its artificial intelligence (AI) tool to promote customer reviews that encouraged an unsafe use of the product.

Amazon opposed Reger's motion for temporary restraining order and, in support of its response, submitted the declaration of Song Gao, a senior merchant manager with Amazon, who confirmed that the 1450R was sold by third-party seller Church's Deals and Savings. Amazon also filed a motion to dismiss Reger's first amended complaint under CR 12(b)(6). Reger requested to depose Gao and, when Amazon would not agree to schedule any depositions until after the court issued a decision on its motion to dismiss, filed a motion to compel Gao's deposition.

2

The trial court granted Amazon's motion to dismiss and dismissed Reger's complaint without leave to amend. The court denied Reger's motion to compel Gao's deposition. Reger moved for reconsideration, which the trial court denied.

Reger appeals.

II

Reger contends that the trial court erred by dismissing his complaint against Amazon for failure to state a claim under CR 12(6). We review de novo a trial court's ruling on a motion to dismiss under CR 12(b)(6). FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 962, 331 P.3d 29 (2014). Dismissal is appropriate where it appears beyond a reasonable doubt that a plaintiff will be unable to prove any set of facts that would justify recovery. Id. We assume the truth of the allegations in the plaintiff's complaint as well as hypothetical facts consistent with the allegations. Id. at 962-63. We are not required to accept legal conclusions as true. Jackson v. Quality Loan Serv. Corp., 186 Wn. App. 838, 843, 347 P.3d 487 (2015).

Washington's CPA states that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020. Under the CPA, "[a]ny person who is injured in his or her business or property" by a violation of the act may bring a civil suit for injunctive relief, damages, attorney fees and costs, and treble damages. RCW 19.86.090. "To prevail in a private CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation."

3

Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 37, 204 P.3d 885 (2009) (citing Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784, 719 P.2d 531 (1986)).

Although pleaded as a single cause of action, Reger's CPA claim can fairly be divided into two sub-claims based on distinct sets of facts. First, Reger alleges that he purchased a " 'Leviton 50 Amp EV Charging Outlet, Heavy Duty, 1450R' " but instead was sent a Leviton 279-S00 that was misleadingly labeled as a 1450R. Second, Reger alleges that Amazon deceptively markets the 279-S00 as suitable for electric vehicle charging when it is not safe to use the product for that purpose. Neither of these scenarios provides a basis for a CPA claim against Amazon.

To the extent the first amended complaint is based on Reger ordering a " 'Leviton 50 Amp EV Charging Outlet, Heavy Duty, 1450R,' " but receiving a "standard residential-grade outlet (model '279-S00')," Reger fails to adequately plead an unfair or deceptive act by Amazon. Reger points to nothing more than the speculative hypothesis that Amazon, as opposed to Church's, marked the product one thing while causing another to be delivered, let alone did so through means that could be ruled "unfair" or "deceptive." While we accept hypothetical facts when a party seeks dismissal under CR 12(b)(6), this rule remains limited to any hypothetical situation conceivably raised by the complaint or to aid in establishing the conceptual backdrop. Bravo v. Dolsen Cos., 125 Wn.2d 745, 750, 888 P.2d 147 (1995). The circumstances of Reger's purchase do not conceivably raise a hypothetical scenario of Amazon unfairly or deceptively mislabeling any

4

product or unfairly or deceptively delivering products different from those that were ordered.[1]

To the extent Reger's first amended complaint is based on Amazon's site incorrectly or unsafely portraying the characteristics of a "standard residential-grade outlet (model '279-S00')," Reger fails to adequately plead injury to business or property or causation. Reger never alleges that he purchased any product because of any alleged incorrect or unsafe portrayal of any product's capabilities. When addressing injury in his brief, he points to his payment for the "Leviton 50 Amp EV Charging Outlet, Heavy Duty, 1450R" pursuant to which he received a "standard residential-grade outlet (model '279-S00')." But assuming this could qualify as an injury under the CPA, as to Reger, it is not caused by mis-portrayal of a "standard residential-grade outlet (model '279-S00')," which, to that point, Reger had never ordered. To the extent that Reger alleges injury to business or property affecting only other hypothetical customers, he lacks standing to assert that claim. See Satomi Owners Ass'n v. Satomi, LLC, 167 Wn.2d 781, 812, 225 P.3d 213 (2009) (plaintiff lacked standing to assert claims where it failed to allege damage to its own interests).

As Reger failed to state a claim upon which relief could be granted, the trial court did not err by granting Amazon's motion to dismiss.[2]

---

[1] For the same reasons, to the extent the first amended complaint is based on Reger ordering any Leviton 279 outlet but receiving a varying or mislabeled "Leviton 279-S00 outlet," Reger fails to adequately plead an unfair or deceptive act by Amazon resulting in the allegedly erroneous shipment.

[2] Because the trial court correctly dismissed Reger's complaint under CR 12(b)(6), we need not address whether and to what extent the Communications Decency Act applies.

Reger also challenges the superior court's denial of his motion to compel. However, he fails to provide adequate briefing demonstrating error. Reger asserts that the superior court was not permitted to consider Gao's declaration in considering the CR 12(b)(6) motion. However, the trial court indicated it rested its ruling on the first amended complaint alone. Likewise, we have reviewed the sufficiency of the first amended complaint alone. Because the first amended complaint fails to state a claim upon which relief can be granted, dismissal is appropriate and discovery issues are moot.

III

Because Reger failed to state a claim upon which relief could be granted, we affirm.

_____
Birk, J.

WE CONCUR:

_____     _____
                                           Mann, J.